[Sac. No. 508. In Bank.—December 7, 1899.]

CALIFORNIA SAVINGS AND LOAN SOCIETY, Respondent, v. F. D. CULVER, Administrator, etc., Appellant.

|127  107|
133  300
133  301

Mortgage—Foreclosure—Maturity—Election by Mortgagee—Stipulated Dismissal of Action—Statute of Limitations.—Under a mortgage providing for an election of the mortgagee upon non-payment of interest for thirty days to treat the mortgage as due and to foreclose it, where a former action of foreclosure was dismissed by stipulation upon payment of all interest then due, in discharge of the default, and interest was thereafter paid for several years, the statute of limitations against a second action brought after maturity of the note does not begin to run from the commencement of the first action, but only from the maturity of the note.

Id.—Provision for Benefit of Mortgagee—Waiver of Penalty.—The provision for foreclosure by the mortgagee, at his election, upon default of interest, is for his benefit, and the mortgagor cannot claim that the note secured is due until its maturity. The mortgagee may waive the penalty for the default; and the bringing of a foreclosure suit does not put it out of his power to waive the penalty. by accepting a payment of all interest due and dismissing the action.

Id.—Estoppel of Mortgagor.—The mortgagor, having claimed that all interest was paid prior to the commencement of the first action, and afterward. upon payment of interest to the date of dismissal, having stipulated with the mortgagee for dismissal thereof, and having continued to pay interest thereafter, is estopped from setting up the statute of limitations as having run from the date of the first action against another action to foreclose the mortgage after maturity of the note.

Id.—Construction of Statutes of Limitation.—Statutes of limitation are intended to prevent stale demands from springing up after long periods of time, and not as defenses to just demands of recent origin. They uphold defenses which are clearly within them, however unjust and unconscionable they may be; but, where the facts relied upon leave it greatly in doubt whether or not the case is within the statute pleaded, the court will not indulge in a strained construction in order to support it.

APPEAL from a judgment of the Superior Court of Shasta County. Edward Sweeny, Judge.

The facts are stated in the opinion of the court.

W. H. Cobb, for Appellant.

An absolute provision for maturity of a note in case of default in payment of interest entitles the defendant to plead the statute of limitations from the date when an action could have been brought. (*Hemp v. Garland,* 4 Q. B. 522; *National Bank v. Peck,* 8 Kan. 663; 3 Parsons on Contracts, 8th ed., 99, 100.) The election of the mortgagee was exercised by filing the first suit. (*Maddox v. Wyman,* 92 Cal. 674; *Clemens v. Luce,* 101 Cal. 432.) Limitation runs from the date of the exercise of the option for all purposes. (*Wheeler & Wilson Mfg. Co. v. Howard,* 28 Fed. Rep. 741; *Moline Plow Co. v. Webb,* 141 U. S. 616.) Mere payment after the note was barred will not avoid the statute. (*Heinlin v. Castro,* 22 Cal. 103.) When the statute is set in motion nothing can interrupt it. (13 Am. & Eng. Ency. of Law, 731.)

J. F. Cowdery, and Robert Harrison, for Respondent.

Acceptance of interest by the mortgagor waived default and destroyed the cause of action upon it. (*Belloc v. Davis,* 38 Cal. 242; *Mason v. Luce,* 116 Cal. 232; *Richards v. Daley,* 116 Cal. 336; 2 Jones on Mortgages, par. 1186.) The cause of action is destroyed by such payment and waiver after action brought. (*Lawson v. Barron,* 18 Hun, 414.) A waiver of default by payment and acceptance of interest is enforceable against both parties. (*Alabama etc. Co. v. Robinson,* 56 Fed. Rep. 690, 693; *Bell v. Romaine,* 30 N. J. Eq. 25; *Sire v. Wightman,* 25 N. J. Eq. 102.) The dismissal of the action by stipulation upon payment of all interest due annulled the action, so that it must be regarded as if it had never been brought. (*Loeb v. Willis,* 100 N. Y. 235.) Defendants claimed that no interest was due when the suit was brought. If so, the action was not maintainable. The dismissal implies that the action was not maintainable. (2 Black on Judgments, 714.) The election having been revoked by the dismissal of the action and by waiver of all default, the statute of limitations can only run from the maturity of the note.

McFARLAND, J.—Action on a note and mortgage made and executed to plaintiff by the defendant Lake. The only defense is the four years clause of the statute of limitations applicable to written instruments. Judgment went for plaintiff, and the appeal is from the judgment, upon the judgment-roll and a

bill of exceptions by the owner of the mortgaged premises who got title, subject to the mortgage, through mesne conveyances from Lake, who does not appeal.

The note was for ten thousand dollars, was made and dated January 21, 1891—the mortgage being of the same date—and is, on its face, payable "three years after date." This action was brought July 16, 1896, which was within four years after the maturity of the note, but appellant contends that the statute should be held to have run from the fourteenth day of March, 1892, which was more than four years before the commencement of the action. This contention is based upon the following facts: The note provides that the interest should be paid yearly upon the 1st of January, and that if not so paid it should become part of the principal; and, further, that if any part of the interest should not be paid within thirty days after the same should become due "then the whole of said principal and interest shall forthwith become due and payable, at the election of the holder of this note." The provision of the mortgage on this subject is that if any interest shall remain unpaid for thirty days after due, then "said mortgage might be foreclosed by an action for that purpose brought, without demand or notice to defendant of election to consider the mortgage due." On said March 14, 1892, plaintiff brought an action against Lake to foreclose for the whole amount of the principal and interest, upon an averment in the complaint that the interest due January 1, 1892, had remained unpaid for more than thirty days. Summons was served on Lake, who did not answer or appear in time, and his default having been entered a judgment of foreclosure was rendered. Afterward, in November, 1892, Lake made a motion to open the default in the action and to set aside and vacate the judgment; and he based his motion upon an affidavit made by himself, in which, among other things, he stated that he had paid the interest due, that for various reasons given the default was improperly taken against him, and that he had "a good and substantial defense to this action on the merits thereof." The affidavit closed with a prayer "that the said judgment may be set aside and said default opened, and this defendant be allowed to answer on the merits to said complaint, and that said action may be dismissed."

Afterward, the plaintiff filed a written paper in the case whereby he "consents to said default being opened, and to judgment vacated, and the action dismissed without prejudice to a new action, each party to pay its own costs." Thereafter the court made the following order: "Upon reading and filing the stipulation of the parties consenting thereto, it is hereby ordered that the default of said defendant, heretofore taken in said cause, be set aside, and the judgment heretofore rendered be vacated, and that said action be dismissed without prejudice to a new action, each party to pay its own costs." The court found that on "September 21, 1892, all the interest in default at the time of the institution of said action and all interest due or payable on said promissory note up to said September 21, 1892, was, by the then legal holder and owner of the premises by said mortgage conveyed, paid to plaintiff, and by plaintiff received in full discharge of said default, and with and under the agreement that said action of March 14, 1892, should be dismissed, and the time of payment of said promissory note and the moneys therein mentioned be and remain as by the terms of said promissory note expressed." This finding is sustained by the evidence. Thereafter and up to January 1, 1896, all interest on the note was paid as it became due by the holder of the legal title of the mortgaged premises, and about two thousand dollars of the principal was also paid. This present action was brought to recover the balance due upon the principal, together with interest from January 1, 1896. The contention of appellant is that, notwithstanding the above facts, the whole of the principal and interest of the note unpaid was barred in four years from the commencement of the first suit. We do not think that this contention can be maintained.

Statutes of limitation are intended to prevent stale claims from springing up after the lapse of long periods of time, to the surprise of parties, or their representatives, when loss of papers, deaths of witnesses, and worn-out recollections make the presentation of the actual facts in the case impossible or extremely difficult, and are not intended as defenses to just demands of comparatively recent origin; still, as such statutes must necessarily fix definite periods of time, they uphold defenses which are clearly within them, however unjust and

unconscionable such defenses may be. But where, in cases like those last mentioned, the facts relied on leave it greatly in doubt whether or not the defense is within the clause of the statute pleaded, a court will not indulge in a strained construction in order to support it. This rule is always observed. It is stated in 13 American and English Encyclopedia of Law, page 692, as follows: "It is important to keep clearly in mind the double aspect of statutes of limitations, first, as an obstacle to just claims, and, secondly, as an aid to just defenses which have been rendered uncertain by the moldering effects of time." In the case at bar, appellant says that the statute commenced to run on March 14, 1892, when the first suit was commenced; and he bases his whole contention upon the asserted rule—which is frequently reiterated in the briefs—that when the statute is set in motion it never ceases to run. This rule has, no doubt, been frequently declared, in general terms, in judicial opinions and text-books. But it will usually be found to have been used as stating the two propositions that when the statute has begun to run no subsequently accruing disabilities can interrupt it, and that one disability cannot be tacked on to another. In 13 American and English Encyclopedia of Law, page 732, it is said: "These two rules, together with the preliminary one that when the statute is once in motion nothing interrupts it, are merely different forms of statement of a single principle, already stated, that after the statute is under way no subsequently accruing disabilities can in any way affect it." And, as instances of the rule, it has been held that (when there is no statute to the contrary) if a man dies even one day after his cause of action accrues, and leaves infant heirs, the latters' disability of infancy does not avail; that if a woman is an infant when her right accrues, and before she comes of age marries, becomes insane, and dies leaving infant heirs, no one of these subsequent disabilities is material; and that where a plaintiff was insane when his cause of action accrued, but recovered his sanity for a period, and then relapsed into insanity, the statute was set in motion by his sanity, and his relapse did not stop its running. These considerations are, perhaps, not very important in the case at bar; but, since the rule is so confidently relied on here, it is proper to look somewhat to the reason which underlies it and the extent to which it goes. In the case at

bar, plaintiff is not seeking the aid of a subsequently accruing disability, or of any disability whatever.

But, whatever the full meaning of the rule above noticed may be, it clearly has no applicability until after the statute has begun to run. When did it begin to run in the case at bar? That is, when did it begin to run against the cause of action upon which this present suit is based? Appellant contends that the commencement of the first action in March, 1892, set the statute in motion. It is somewhat of a solecism to say that the commencement of the action starts the statute of limitations, for the general rule is that the bringing of the suit stops the running of the statute. (13 Am. & Eng. Ency. of Law, 746, and cases there cited.) It is meant, however, we suppose, that the bringing of the suit in 1892 was a declaration by plaintiff of his election to consider the whole amount of the note due. It has been definitely settled, however, in this state that even where it is expressly declared on the face of the note that upon default in the payment of any interest the whole principal shall become immediately and absolutely due, still such a clause is a mere penalty for the benefit of the payee or holder which he may waive by accepting interest after due, and that the statute in such a case does not begin to run until the principal becomes due according to the terms of the note. (*Belloc v. Davis*, 38 Cal. 242; *Mason v. Luce*, 116 Cal. 232; *Richards v. Daly*, 116 Cal. 336.) And where, as in the case at bar, the provision of the note is that upon a default in paying interest the principal shall become due at the election of the holder, there the assertion of such election merely puts the holder in the position of the holder of a note which upon its face declares, in the first instance, that upon default in interest the whole principal shall immediately became due. And the declaration of plaintiff's election by bringing the first action did not put it out of his power to waive the penalty, which he did by accepting the interest and dismissing the action. He still had the same power to waive the penalty which he would have had if the note—as in the cases above cited—had originally provided for the maturity of the principal upon default in paying any interest. In 2 Jones on Mortgages, section 1183, it is said: "When a mortgagee has made his election to recover the principal sum due under a stipulation that he shall have this election upon the nonpay-

ment of interest for thirty days after it becomes due, he cannot be compelled to waive this provision and accept the interest. Undoubtedly, the unconditional acceptance of the interest in default would be a waiver of the default"; and in *Lawson v. Barron,* 18 Hun, 414, and in *Langridge v. Payne,* 2 Johns. & H. 423, cited in support of the text, the principle was applied where the interest had been accepted after suit to foreclose had been commenced. Appellant has cited one or two cases where the court, after the real questions involved in this case had been disposed of, said, by way of *dictum,* that it would have been otherwise if the plaintiff had elected to consider the principal due; but as in those cases the judicial mind was not directed to the question as one before the court to be determined, the expressions used have little weight as authority. Moreover, the cause of action in the case at bar was not, as in the first action, a failure to pay the first year's interest, but was a failure to pay the principal then due according to the terms of the note, with some interest which accrued in later years, and against this cause of action, under the circumstances of this case, the statute of limitations had not commenced to run before the maturity of the note.

Moreover, the appellant is estopped by his acts and those of his predecessors in interest, as above stated, from setting up the statute of limitations in this case; and to allow him to do so would be to allow him to practice a fraud upon the plaintiff. If plaintiff had commenced the first action when no interest was really due, and had been compelled, for that reason, to dismiss it or to allow judgment against him, no one would claim that the provisions of the note had been in any way changed. And the same result follows from the facts that Lake, in his motion to open the default, stated in his affidavit that such interest had been paid and accepted, that he prayed to have the action dismissed for that reason, and that for such reason by consent and stipulation of both parties the action was by the court dismissed. These facts bring the case entirely within the principles upon which estoppels are founded.

The judgment appealed from is affirmed.

Van Dyke, J., Temple, J., Harrison, J., Garoutte, J., and Henshaw, J., concurred.