[L. A. No. 1033.    Department Two. — July 3, 1901.]

H. P. MOORE, Respondent, v. ZADOCK H. RUSSELL, Administrator, etc., of William Russell, Deceased, Defendant and Appellant, and RUTH M. RUSSELL, Defendant.

MORTGAGE — FORECLOSURE — VARIANCE IN NOTES. — In an action to foreclose a mortgage given to secure a promissory note, where the evidence raises no question as to the identity of the debt and note secured, slight differences between the note, and the copy thereof contained in the mortgage, are not fatal variances.

ID. — ESTATES OF DECEASED PERSONS — CLAIM — DESCRIPTION OF MORTGAGE. — A claim against the estate of a decedent, founded on a note secured by a mortgage, which contains a copy of the note, and shows that it was secured by a recorded mortgage on real estate situated in a specified county, and which refers to the date, volume, and page of the record, is sufficient, under section 1497 of the Code of Civil Procedure, without any further description of the mortgage.

ID. — NON-PAYMENT OF INTEREST — EXERCISE OF OPTION — MATURITY OF NOTE. — Where a promissory note contains a provision for its becoming due, at the option of the holder, prior to its maturity, upon non-payment of the interest, the presentation of a claim thereon against the estate of the deceased maker, after default in the payment of the interest and before the maturity of the note, is not to be considered as the exercise of the option; and this is so, notwithstanding the claim recites that it is for an "amount due" at the date of presentation, and such amount equals the principal on the note and interest to that date.

ID. — WAIVER OF OPTIONAL RIGHT. — Even if the presentation of such claim could be construed as an exercise of the option to consider the note as payable, the holder of the note might thereafter waive his right, and was not compelled to continue to exercise it by bringing suit against the estate before the maturity of the note.

ID. — JUDGMENT FOR DEFICIENCY. — In an action to foreclose a mortgage against the estate of a deceased person, the judgment for a deficiency should provide that it be paid in due course of administration.

JUDGMENT OF DISMISSAL — BAR OF SUBSEQUENT ACTION. — In the absence of anything appearing to the contrary, the dismissal of an action by the plaintiff, and a judgment entered thereon without prejudice to his right to bring a new action on the same cause of action, is not a bar to a subsequent action.

APPEAL from a judgment of the Superior Court of Riverside County.    J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

W. J. McIntyre, and Charles R. Gray, for Appellant.

Purington & Adair, for Respondent.

McFARLAND, J.—This is an appeal by defendant Zadock H. Russell, administrator, from a judgment rendered in plaintiff's favor upon a certain note and mortgage for eight hundred dollars and interest.

No defense is made on the real merits of the case,—that is, it is not pretended that the mortgage was not given to secure a just debt. The attacks on the judgment are based on certain alleged irregularities and failures to comply with statutory provisions; and it may be said that these attacks seem to have been invited by a spirit of carelessness, which accompanied most of respondent's acts in the premises, from and including the drafting of the mortgage to the entry of the judgment. We think, however, that none of appellant's positions are really tenable, except as to the form of a certain part of the judgment.

On November 18, 1898, the note and mortgage in question were made and executed to plaintiff by William Russell, since deceased, and his wife, Ruth M. Russell. The principal of the note was eight hundred dollars, payable seventeen months after date, with interest at eleven per cent per annum, payable annually. There was a provision in the note that if any interest should not be paid· when due, "the whole amount of principal and interest shall thereafter be due and payable, at the option of the holder of said note, to be exercised at any time within ninety days after any such default." William Russell died on the fourth day of July, 1899, and the defendant Zadock became his administrator on August 14, 1899. The first interest became due on November 18, 1899, and was not paid, and no principal or interest had been paid when the action was commenced. On January 18, 1900, plaintiff presented his claim on the note and mortgage to the administrator, who rejected the same. The action was commenced on June 12, 1900,—within two months after the note, on its face, matured, but not within three months after the presentation of the claim.

1. The note and mortgage were made at the same time. It is declared on the face of the mortgage that it is given "as se-

curity for the payment to said mortgagee of the sum of eight hundred dollars, in gold coin of the United States, with interest thereon according to the terms of a certain promissory note in words and figures following, to wit." Then follows what is an exact copy of the note, except in these two particulars: 1. The word " administrator " is inserted after the name of the payee, " Moore "; and 2. At the end of the copy the name of " Ruth M. Russell " is omitted.  Appellant contends that these two mistakes in the copy are fatal to the validity of the mortgage as a security for the note sued on; but the point is not maintainable.  He speaks in his briefs of the " first " and the " second " note; but there is nothing in the record to warrant a pretense that there were two notes.  The question here is as to the identity of the debt and note secured; and it is quite apparent, notwithstanding the two slight mistakes in the copy, that the debt of eight hundred dollars and the note sued on are the debt and the note referred to in the mortgage.

2. Appellant contends that there was no valid presentation of the mortgage to the administrator, because, as he says, the respondent in the presentation did not " describe " the mortgage.  This contention is based on section 1497 of the Code of Civil Procedure, which provides that in the case of a mortgage or of a lien which has been recorded, " it shall be sufficient to describe the mortgage or lien, and refer to the date, volume, and page of its record."  In the case at bar the mortgage was recorded, and the presentation referred to date, volume, and page of its record; but appellant contends that it was not good, because the mortgage was not otherwise described.  The presentation, however, shows that the mortgage was on real property situated in Riverside County, California, and was given to secure a note, a copy of which is contained in the presentation.  This was a sufficient compliance with the section of the code,—even if anything more is required than a reference to the recordation.  This contention, therefore, cannot be maintained.

3. It is contended that this action was barred by the judgment in a previous action, which was brought by plaintiff against the defendants on the note and mortgage sued on in this present action; but all that appears on this subject is, that on motion of the plaintiff therein, and with the consent of one of the defendants therein (Ruth M. Russell), the action was by the judgment of the court dismissed, " without preju-

dice to the right of the plaintiff to bring a new action on the same cause of action." Nothing else appearing, there can be no valid contention that the dismissal of the former action was a bar to the present one.

4. The most plausible contention of appellant is, that the action was barred by section 1498 of the Code of Civil Procedure, because it was not brought within three months after the presentation of the claim; but this contention cannot be maintained. That section provides that in the case of a rejected claim the holder must bring suit "within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred." Appellant contends that the respondent's presentation of the claim on January 18, 1900, within three months after the first annual interest had become due and remained unpaid, was a final and conclusive exercise of his option, under the terms of the note, to consider the whole amount of the principal and interest due, and that, therefore, he should have brought his suit within three months thereafter. In the first place, we do not think that the presentation of the claim can be considered as the exercise of the option in question. It certainly was not an express declaration to that effect; it was merely a presentation of the facts constituting his claim. The language of the claim was this: "To amount due at this date on a certain promissory note dated November 18, 1898, made by said William Russell and Ruth M. Russell to H. B. Moore, payable seventeen months after date, with interest at the rate of eleven per cent per annum, $904.28," — followed by a copy of the note. The words, "amount due at this date," do not necessarily mean more than that the principal of the note was so much, and the interest so much, and that none of it had been paid; it does not mean, necessarily, that the whole amount was then due, in the sense of being payable and suable, and that respondent intended to bring suit on that theory. But even if that intent could be attributed to him from the fact of the presentation, he was not bound to pursue that intent. It is firmly established that an option of that character is a mere penalty put on the maker, in favor of the holder of the note, which the latter may waive, and that even his express declaration of an election to exercise the option does not put it out of his power to waive it. ( *California Sav. etc. Society* **v.**

*Culver*, 127 Cal. 112; *Mason* v. *Luce*, 116 Cal. 232; *Belloc* v. *Davis*, 38 Cal. 242.)

In *California Sav. etc. Society* v. *Culver*, 127 Cal. 112, where the note was like the one in the case at bar, the plaintiff had exercised his option in the most positive way, by bringing an action which he afterwards dismissed; and it was held that he could waive his option, even after having thus exercised it, and that, as against a subsequent action, the statute of limitaations did not commence to run from the time of the said exercise of his option, but ran only from the maturity of the principal of the note. And so in the case at bar, even if the presentation of the claim could be construed as an assertion of his right under the option, he was not compelled to continue to exercise it by bringing suit before the maturity of the note. His claim was not one "then due," within the meaning of section 1498 of the Code of Civil Procedure; and as this action was brought within two months after the maturity of the note, it was not barred by limitation.

The foregoing views dispose of all the points made by appellant which call for notice, except the contention that the part of the judgment which gives a recovery against the administrator for any deficiency after sale of the mortgaged premises should have provided that it be paid in due course of administration. This contention must be sustained. Section 1504 of the Code of Civil Procedure expressly provides that in case of a judgment against an executor or administrator, " *the judgment must be* that the executor or administrator pay, in due course of administration, the amount ascertained to be due." The judgment in the case at bar must therefore be modified in this respect.

The cause is remanded, with direction to the court below to modify the judgment by adding to the clause of the same, immediately preceding the description of the mortgaged premises, the words, " to be paid in due course of administration," and as thus modified the judgment will stand affirmed.

Temple, J., and Henshaw, J., concurred.