[Civ. No. 3345. First Appellate District, Division One.—June 1, 1920.]

FLORENCE GAIL KEELER, Appellant, v. MARY FRANCES BAIRD, as Executrix, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—REJECTION OF CLAIM—PREMATURE ACTION TO ESTABLISH CLAIM—DISMISSAL BY PLAINTIFF—INSTITUTION OF NEW ACTION—STATUTE OF LIMITATIONS.—Where an action to establish a claim against an estate is prematurely brought, and is, therefore, dismissed by the plaintiff, the institution of such action does not constitute an election on the part of such plaintiff to consider the claim as having been rejected by the executrix of said estate, so as to start the time running within which a new action to establish such claim might be instituted, written notice of the rejection of the claim not having been given as provided by section 1498 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. Cosgrave for Appellant.

W. P. Thompson and J. P. Bernhard for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant in an action instituted by the plain-

tiff against the said defendant, as executrix of the estate of B. M. Baird, deceased, to establish a claim against said estate.

The facts out of which said claim arose may be briefly summarized as follows: One Alfred Baird was for many years a resident of Fresno County, where he had amassed a considerable amount of property, chiefly in the form of real estate. Several years before his death, which occurred in 1914, he undertook to make a division of certain of his lands between his two children, Florence Gail Keeler, the plaintiff in this action, and B. M. Baird, her brother. In his effort to accomplish this purpose he caused several deeds to be made and placed in escrow, to be delivered at his death. In the deed to plaintiff there was included certain land which he afterward determined to convey to his son, B. M. Baird, and he therefore requested the plaintiff to execute a deed back to him of said particular piece of land. She complied with this request by executing a quitclaim deed on September 24, 1907, conveying the land in question to her father, who on the same day conveyed the same to B. M. Baird, his son. At the same time, and as a part of the same transaction, Alfred Baird required his said son to execute an agreement in writing by which, in consideration of the conveyance of said land to him, B. M. Baird agreed to pay to the plaintiff "out of his share of his father's and mother's estate when the same is distributed to him money or property of the value of two thousand dollars in lieu of said land." Later on Alfred Baird changed his mind in regard to the deeds which had been placed in escrow, and withdrew and destroyed them, and thereupon made a will by which he divided the remaining portion of his property between the plaintiff and his son B. M. Baird. By the terms of this will, and apparently having in mind the fact that the plaintiff retained the aforesaid agreement, Alfred Baird directed in his said will that the sum of two thousand dollars should be paid to his said son, the same being in excess of the portion coming to his daughter under the will. Alfred Baird died on November 22, 1914; his said will was duly offered and admitted to probate, but before the distribution of his estate thereunder his son B. M. Baird also died, and the defendant herein, Mary Frances Baird, was appointed execu-

trix of his estate. Plaintiff presented to the latter her claim against the estate of B. M. Baird, deceased, on May 3, 1916, which claim was founded upon the aforesaid written agreement. The executrix took no action in regard to this claim in the way of either allowing or rejecting it. On February 18, 1918, plaintiff commenced an action to compel the allowance of the claim, basing her said suit upon her alleged election to consider the claim rejected. At the time of the institution of this suit distribution had not been made of the estate of Alfred Baird, and said action being therefore determined on a demurrer to the complaint to have been prematurely brought, was dismissed by the plaintiff. The decree of distribution was entered in the estate of Alfred Baird on March 29, 1918, and thereafter and on October 28, 1918, the plaintiff commenced the present action.

Among other defenses the defendant pleaded that said action was barred by the provisions of section 1498 of the Code of Civil Procedure.

Upon the trial of the cause the court made its findings in favor of the plaintiff so far as the facts attending the creation and presentation of said claim are concerned; but the trial court further found that the plaintiff, by the institution of her former action upon said claim, had thereby elected to treat her claim as having been rejected on February 18, 1918, the date of the institution of said former action; and the court therefore concluded and found that the present suit not having been commenced until October 28, 1918, was barred by the provisions of section 1498 of the Code of Civil Procedure. Judgment was accordingly rendered in the defendant's favor, and from that judgment this appeal is taken.

The sole contention of the appellant upon this appeal is that the trial court was in error in its conclusion that this action was barred by the provisions of said section of the Code of Civil Procedure.

In order to determine this question several sections of said code with relation to the presentation and rejection of claims and to institution of actions to establish the same must be considered and construed.

By the terms of section 1496 of the Code of Civil Procedure, when a claim has been presented to the executor or

administrator of an estate he must allow or reject it, and his allowance or rejection thereof must be indorsed upon said claim with the day and date thereof, and the claim bearing this indorsement must be presented to the judge for approval, and if approved by him must be filed with the clerk. The said section further provides that in case ''the executor or administrator refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him; or if the judge refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect may at the option of the claimant be deemed equivalent to a rejection on the tenth day. Section 1498 of the Code of Civil Procedure provides that ''when a claim is rejected either by the executor or administrator or the judge of the superior court, written notice of such rejection shall be given by the executor or administrator to the holder of such claim or to the person filing or presenting the same, and the holder must bring suit in the proper court against the executor or administrator within three months after the date of service of such notice if the claim be then due, or within two months after it becomes due; otherwise the claim shall be forever barred.

[1] It was the conclusion of the trial court, as expressed in its findings, that the institution by the plaintiff of her former action to establish her said claim against the estate of B. M. Baird, deceased, constituted an election on her part to consider said claim as having been rejected by the executrix of said estate, and that she was bound by such election, notwithstanding her dismissal of said former action after the trial court had ruled upon demurrer that the same had been prematurely brought. We are unable to agree with this conclusion. It would seem to be clear from the other findings of the court that said first action was prematurely brought, for the reason that at the time of its institution there had been no distribution to B. M. Baird or his successors in interest of his share in his father's estate, and hence that the claim of the plaintiff was by the express terms of the writing upon which it was predicated not then due. (*Miller* v. *Miller*, 171 Cal. 269, [152 Pac. 728].) By the dismissal of the action thus prematurely brought the plaintiff, in our opinion, placed herself in the same position as

though such action had not been commenced, and, in substance and effect, by the dismissal of said action withdrew her option to consider her claim as having been rejected by the executrix of said estate. While no authority has been presented on either side directly construing those provisions of the foregoing sections of the Code of Civil Procedure, which deal with the election of the claimant to deem a claim which has not been acted upon by the executor or administrator of an estate as having been rejected, we think a clear analogy exists between the option which a claimant against an estate may exercise in that regard, and the option which a creditor in an obligation may have to consider the whole sum named in said obligation to be due upon the debtor's failure to pay an installment of the principal or interest thereon. In such a case it has been held that the dismissal of the creditor's action upon the exercise of such option amounted to a withdrawal and waiver of the option. (*Moore* v. *Russell,* 133 Cal. 297, [85 Am. St. Rep. 166, 65 Pac. 624]; *California Sav. & Loan Society* v. *Culver,* 127 Cal. 107, [59 Pac. 292].) The same principle would seem to be applicable to claims against an estate. The language of section 1498 of the Code of Civil Procedure lends strength to this conclusion, since it is therein expressly provided that the time within which a claimant must bring suit against the executor or administrator of an estate to establish such claim is three months *after the date of service of the written notice of the rejection* of the claim, if the claim be then due, or within two months after it becomes due; otherwise the claim shall be forever barred. The clear intendment of this section is that it is the giving of said notice of the rejection of the claim by the executor or administrator which sets in motion the limitation of the time within which an action must be brought to establish the claim; and that the option which the claimant has under the preceding section of said code to consider his claim as having been rejected for the purpose of enabling him to bring an action thereon is not such as in the event of the dismissal of such action shall operate to set in motion the provisions of the later section so as to bar said claim in the event that no action to establish the same is not commenced within the periods named therein.

The conclusion of the trial court embraced in its findings, to the effect that the plaintiff's institution of the former action was to be deemed such a rejection of the claim as to set the statute in motion, was in the nature of a conclusion of law rather than a finding of fact; and that being so, this court is in a position in disagreeing with this conclusion to consider the other findings in the case sufficient to sustain a judgment in the plaintiff's favor without a retrial of this cause. It is therefore ordered that the judgment herein be reversed, and that the trial court be, and is hereby, directed to render and enter a judgment in favor of the plaintiff in the action.

Waste, P. J., and Koford, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 30, 1920.

All the Justices concurred, except Wilbur, J., who voted for a rehearing.