66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard KLEILA, as Guardian Ad Litem for GEORGE J. KLEILA,
Plaintiff-Appellant,
v.
BELL HELMETS, INC., Defendant-Appellee.
 No. 93-56298.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1995.
Decided Sept. 6, 1995.
 
 Before: BROWNING, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Kleila ("Kleila"), guardian ad litem for his son George Kleila ("George"), appeals the district court's grant of summary judgment to defendant Bell Helmets, Inc. ("Bell Helmets"). In granting summary judgment, the district court held that California's one-year statute of limitations for personal injury actions barred Kleila's suit against Bell Helmets for injuries George sustained in a 1986 motorcycle accident. Kleila argues that summary judgment was improper because (1) a 1989 order from a New York state court in an earlier, related case precludes Bell Helmets from raising the statute of limitations defense, and (2) George's mental incapacity tolled the statute of limitation.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 FACTS
 
 4
 George, a New York resident, was injured in a motorcycle accident in Tennessee in 1986. At the time of the accident, George was wearing a helmet manufactured by Bell Helmets, a California corporation with its principal place of business in that state.
 
 
 5
 George sued Bell Helmets in New York state court in September 1988, alleging that he sustained head injuries when his Bell helmet cracked during the accident. George was not represented by a guardian ad litem in that action. He alleged in his 1988 verified complaint that "[f]rom the date of the collision until recently, [he] was not in a position to manage his own affairs, nor in a position to commence the instant lawsuit." (emphasis added)
 
 
 6
 On March 8, 1989, the New York state court granted Bell Helmets' motion to dismiss on the basis of forum non conveniens, provided that Bell Helmets did not raise a statute of limitations defense in an action "promptly commenced" in Tennessee. George, however, did not commence an action in Tennessee. Rather, almost three years later, on February 7, 1992, Kleila, acting as George's guardian ad litem, filed this action in federal district court in California ("the California litigation").
 
 
 7
 In its answer in the California litigation, Bell Helmets asserted that Kleila's lawsuit was barred by both the Tennessee and California statutes of limitation. Bell Helmets then moved for summary judgment on the basis of the California one-year statute of limitations. See Cal.Civ.Pro.Code Sec. 340.
 
 
 8
 In response, Kleila submitted declarations by his attorney, Jessel Rothman, and a psychiatrist stating that, although George may have had a brief moment of lucidity when he verified the 1988 New York complaint, he had been incompetent to handle his own affairs since the 1986 accident. Thus, argued Rothman, pursuant to California Civil Procedure Code Sec. 352, George's incompetency tolled the statute of limitations. Rothman's declaration also stated that Bell Helmets was nevertheless estopped by the 1989 New York court order from raising its statute of limitations defense. The district court granted Bell Helmets' motion on July 28, 1993, and a timely appeal to this court followed.
 
 DISCUSSION
 I. The 1989 New York Court Order
 
 9
 The New York court's order dismissing George's first complaint on the basis of forum non conveniens precluded Bell Helmets from "interpos[ing] the defense of the statute of limitations in an action promptly commenced ... in the State of Tennessee." Relying on this language from the 1989 order, Kleila argues that Bell Helmets has "waived its right" to raise its statute of limitations defense in this case. Kleila's argument, however, fails for two reasons: (1) George did not bring his action in Tennessee, but in California, and (2) he did not bring the action "promptly."
 
 
 10
 On the first point, Kleila argues that the New York court's reference to Tennessee was only dictum, the crux of the court's order being simply that George promptly refile in a more convenient forum. According to Kleila, California, not Tennessee, was the more sensible forum in which to file suit.
 
 
 11
 Kleila's argument that the New York court's reference to Tennessee was mere dictum is controverted by the court's detailed discussion of the factors making Tennessee the more appropriate forum. As identified by the court, these factors were that: (1) the accident occurred in Tennessee, (2) Memphis police investigated the accident, (3) both George and the motorcycle driver were military personnel stationed in Tennessee when the accident occurred, (4) blood alcohol tests had been obtained in a Tennessee hospital, and (5) the Memphis police possessed the photographs taken of the accident scene and the motorcycle.
 
 
 12
 Moreover, as the district court noted, both aspects of the New York court's conditional dismissal (prompt refiling in Tennessee ) could not have been dicta, and Kleila had not promptly filed his California lawsuit. Thus, reasoned the court, even if Kleila had been free to file the suit in California, Bell Helmets was not barred from raising the statute of limitations defense because Kleila had not acted promptly.
 
 
 13
 Although the "promptness" of Kleila's action is a question of fact, as the Supreme Court noted in Anderson v. Liberty Lobby, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. 242, 249 (1986).
 
 
 14
 Here, Kleila gave the district court three reasons for his delay in filing the California lawsuit: (1) determining whether to appeal the New York order, (2) analyzing where to bring the action, and (3) "dealing with [George's] declining health and the subsequent appointment of a guardian ad litem." As the district court correctly concluded, Kleila "did not require three years to resolve such issues." Kleila simply did not present sufficient evidence to the district court to take this issue to the jury.
 
 II. George's Incapacity
 
 15
 The next issue presented to us then is whether George's alleged mental incapacity qualified him for the tolling protection of Cal.Civ.Proc.Code Sec. 352(a), which, at the time of the district court's ruling, provided in relevant part:
 
 
 16
 "If a person entitled to bring an action ... [is], at the time the cause of action accrued, ... insane ... the time of such disability is not part of the time limited for the commencement of the action."
 
 
 17
 In resolving this issue, we are, of course, bound by California's interpretation of its statute. See Missouri v. Hunter, 459 U.S. 359, 368 (1983). However, we have not found, nor have the parties identified, any California authority addressing the precise question presented here.
 
 
 18
 Bell Helmets argues that "California law is ... clear on the point that once a disability to the running of the period of limitations is removed, a subsequent disability does not operate to further toll the running of the limitations period." It cites Cal.Jur.3d in support of this proposition, which states:
 
 
 19
 "if a person is insane at the time his cause of action accrues but regains his sanity, the statute begins to run at the time of recovery, and a relapse does not interrupt its running." 43 Cal.Jur.3d Limitation of Actions Sec. 148 (1978); see also id. Sec. 151 ("the statute runs immediately on restoration to capacity and is not suspended by any relapse into insanity").
 
 
 20
 Thus, reasons Bell Helmets, even if George was rendered incompetent by the 1986 accident, he had regained his competency by the time he verified the complaint in the New York action in 1988. The statute of limitations began running at that time, and had expired by the time Kleila filed the California action in 1992.
 
 
 21
 The basis for the above Cal.Jur. authority is California Sav. & Loan Soc'y. v. Culver, 127 Cal. 107, 59 P. 292 (1899), in which the California Supreme Court noted:
 
 
 22
 "[W]here a plaintiff was insane when his cause of action accrued, but recovered his sanity for a period, and then relapsed into insanity, the statute was set in motion by his sanity, and his relapse did not stop it running." 59 P. at 294.
 
 
 23
 Our review of Culver, however, reveals that this statement was merely dicta. Thus, as we noted above, no binding California case law addresses the precise issue presented in this case. Nevertheless, when we decide a claim that involves a novel question of state law, we must attempt to predict how the highest state court would decide the issue. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1548 (9th Cir.1990). In doing so, we may consider "recognized legal sources," such as statutes, treatises, restatements, and published decisions. Id.
 
 
 24
 Nothing in the recognized legal sources pertinent to this case leads us to conclude that, if presented with the issue, the California Supreme Court would abandon the tolling rule discussed in Culver and Cal.Jur.3d. While Culver may state a somewhat harsh rule, particularly when applied to facts such as these, we are bound to apply the law that we believe the California Supreme Court would apply--however we might write the rule if presented with a clean slate.
 
 
 25
 Kleila also argues that George's verification of his mental capacity in the 1988 complaint merely established a presumption of sanity at that time that could be rebutted by other evidence. However, the only evidence offered consists of 1986 medical records and conclusory affidavits from George's current attorney and a psychiatrist who only began treating George in 1993. These affidavits do not dispute that George had periods of lucidity in 1988, only that any such episodes of sanity were temporary. Thus, we agree with the district court's finding that there was no genuine issue of material fact as to whether George was competent at the time of the 1988 complaint.
 
 
 26
 There is additional support for the action taken by the district court in granting summary judgment. Even if we were somehow free to interpret California limitations laws differently, it is unclear such a reading would be of benefit to Kleila. For example, even if we construed Sec. 352 in such a way that tolled the statute for the periods of Kleila's incapacity, "un-tolled" it for periods in which his counsel argues he regained his capacity, and then "re-tolled" the time consistent with the contents of the psychiatric affidavit, it is quite likely that the California litigation would still be time barred.
 
 
 27
 Accordingly, the district court's grant of Bell Helmet's motion for summary judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3