[No. 4936.]

# SAMUEL W. BASS AND JOSHUA A. CLARK v. R. D. BERRY.

NOTE EXECUTED OUT OF THIS STATE.—If suit is brought on a promissory note executed out of this State and due more than two years before the action is commenced, the presumption is that it is barred by the Statute of Limitations; and if the defendant has been absent from the State during any portion of the two years, that fact should be averred in the complaint.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

Suit commenced May 24, 1875, on the following promissory note:

"$358.94.                              NEW YORK, May 14, 1872.

Four months after date, I, the subscriber, of Williamsport, county of Lycoming, State of Pennsylvania, promise to pay to the order of Bass & Clark, three hundred and fifty-eight $\frac{94}{100}$ dollars, at the banking office of Powell & Co., Williamsport, Pa. Value received with current rate of exchange on New York.

"R. D. BERRY.

" Due September 17, 1872."

The defendant demurred because it appeared on the face of the complaint that the note was barred by the Statute of Limitations. The court sustained the demurrer, and the plaintiff declining to amend, judgment was rendered against him and he appealed. The statute of this State requires an action upon a contract in writing executed out of this State to be brought within two years.

*Collins & Burt,* for the Appellant.

The question is, when does the cause of action accrue within the meaning of our statute where it says that an action must be brought within two years upon a contract in writing executed out of this State? The action must be brought within two years from the time that the *cause* of action *accrues.* When does it accrue?

We say that our Statute of Limitations must be read with reference to our own tribunals, and it means that the action must be brought within two years from the time that the cause of action accrues as to *them,* namely: from the time that the party to be sued takes up his residence in California. The complaint does not show upon its *face* that the debtor had resided in this State two years before the commencement of the action.

*Black & Stevens,* for the Respondent.

By the COURT:

The action being founded upon an instrument in writing executed out of the State, the statutory bar of two years presumptively applies. If the plaintiff's case could be relieved in this respect by the fact of the absence of the defendant from the State, that fact should have been averred in the complaint. The absence of the defendant would be a fact exceptional in its character; and unless such absence were alleged in the complaint, his presence in the State must be intended.

We think, therefore, that the demurrer to the complaint was correctly sustained, and that the judgment must be affirmed.

So ordered.