[L. A. No. 100. Department One.—March 23, 1897.]

CHARLES B. RICHARDS ET AL., RESPONDENTS, *v.* THOMAS J. DALEY ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE—EFFECT OF DEFAULT IN PAYMENT OF INTEREST—STATUTE OF LIMITATIONS.—Where the mortgage sought to be foreclosed was given to secure two notes of the same date, payable two years after date, with interest at a specified rate payable quarterly, and, if not so paid, to become a part of the principal and bear like interest until paid, and provided that if default be made in the payment of the interest, or any part thereof, according to the tenor of said notes, then the whole sum of principal and interest should become

immediately due, and the mortgagees might proceed with suit of fore-closure, and no payment of interest was made at the end of the first or second quarter, but payments on account of interest were thereafter made from time to time on both notes, until after their maturity, an action of foreclosure commenced more than four years after the default in payment of the interest for the first and second quarters, but less than four years after the maturity of the notes, is not barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion of the court.

*Rippey & Nutt,* for Appellants.

The action is barred by the statute of limitations, as the default in the payment of interest *ipso facto* entitled the plaintiff to foreclose, and the statute of limitations commenced to run from that time. (*First Nat. Bank* v. *Peck,* 8 Kan. 660; *Harrison Machine Works* v. *Reigor,* 64 Tex. 89; *Moline Plow Co.* v. *Webb,* 141 U. S. 616; *Chambers* v. *Marks,* 93 Ala. 412; *Noell* v. *Gaines,* 68 Mo. 649; *Maddox* v. *Wyman,* 92 Cal. 674; *Hemp* v. *Garland,* 4 Q. B. 519; *Swearingen* v. *Lahner* (Iowa, 1894), 61 N. W. Rep. 431; *Grattan* v. *Wiggins,* 23 Cal. 16; *Leonard* v. *Tyler,* 60 Cal. 299.)

*J. W. Hughes,* for Respondents.

The action is not barred by the statute of limitations, as the provision of the mortgage in regard to the failure to pay interest was inserted for the benefit of the mort-gagees, and did not, of itself, cause the notes to mature or start the running of the statute of limitations. (*Watts* v. *Creighton,* 85 Iowa, 154; *Richardson* v. *Warner,* 28 Fed. Rep. 344; *Nebraska etc. Nat. Bank* v. *Gas etc. Co.,* 4 McCrary, 320; *Lowenstein* v. *Phelan,* 17 Neb. 429; *Fletcher* v. *Daugherty,* 13 Neb. 226; *Belloc* v. *Davis,* 38 Cal. 243; *McClelland* v. *Bishop,* 42 Ohio St. 113; 13 Am. & Eng. Ency. of Law, 275, note 16; Wood on Limitations, 1st ed., sec. 126.)

THE COURT.—This is an action to foreclose a mortgage executed by the defendants, Thomas J. Daley and Sarah M. Daley, his wife, on March 3, 1890, to secure payment of two promissory notes of the same date. The notes were signed by both defendants, and each was for the sum of six thousand five hundred dollars, payable two years after date, with interest thereon at the rate of thirteen per cent per annum, payable quarterly, and, if not so paid, then to become a part of the principal, and bear a like rate of interest till paid. The mortgage provided " that if default be made in the payment of the interest, or any part thereof, according to the tenor of said note, then the whole sum of principal and interest shall become immediately due, and the mortgagees may proceed with suit of foreclosure." Interest for the first quarter became due June 3, 1890, but no payment was made until December 11, 1890, when there was paid upon each note, "on account of interest," four hundred and twenty-two dollars and fifty cents. Thereafter payments on account of interest were made, from time to time, on both notes, the last being under date of March 18, 1895. The aggregate of the payments on one of the notes was nineteen hundred and ninety-three dollars and fifty cents, and on the other two thousand three hundred and fourteen dollars and fifty cents.

The complaint was filed March 20, 1895, and the defendants, by their answer, set up the provision of the mortgage above quoted, and alleged that the mortgagees did not, on the third day of June, 1890, or at any time, add the interest which fell due on said day to the principal of the notes, and did not, at the end of the respective quarter years after the making of the notes, or at any time, add the interest which then fell due, and was unpaid, to the principal of the notes, and, by the terms of the notes and mortgage, the whole principal sums and the interest accrued thereon became due and payable on the third day of June, 1890; and that, by reason of the premises, the action was barred by the provisions of section 337 of the Code of Civil Procedure.

The court below found, among other things, that the action was not barred, and entered its decree foreclosing the mortgage as prayed for. From this decree and an order denying their motion for a new trial the defendants appeal.

The case, it will be observed, is in no material respect different from that of *Mason* v. *Luce,* just decided (*ante,* p. 232).

We find no errors of law in the rulings of the court, and, upon the authority of the case cited, the decree and order appealed from must be affirmed. So ordered.

Hearing in Bank denied.