[L. A. No. 526.   Department Two.—September 11, 1899.]

W. T. FENTON, Assignee, Respondent, v. EDWARDS & JOHNSON, Respondents. EMMA VON WINDHEIM, Intervenor, Appellant.

CHOSE IN ACTION—SITUS.—A chose in action has no definite situs, but must follow the person of its owner.

ID.—DEBT FROM RESIDENTS TO FOREIGN CORPORATION.—A debt due from residents of this state to a foreign corporation has no situs in this state, but is in contemplation of law in the state of its charter, and is there vested in the corporation, up to the time of a legal assignment thereof by the corporation.

ID.—ASSIGNMENT FOR BENEFIT OF CREDITORS—TITLE OF ASSIGNEE—ATTACHMENT.—A legal assignment by the foreign corporation for the benefit of its creditors, made in a state other than that of its charter, in which it was doing business, and made in conformity with the laws of that state, to a resident thereof, vests

title in the assignee to a debt due to the corporation from residents of this state; and such debt cannot thereafter be attached in this state by a creditor of the corporation.

Id.—Conflict of Laws—Validity of Assignment.—A contract, valid by the law of the place where it is made, is, as a general rule, valid everywhere; and a voluntary assignment, for the benefit of creditors, which is valid by the laws of the state where it is made, will operate to convey personal property not already subject to liens, in every state where it may be found.

Id.—Notice of Assignment—Attachment.—Notice of the assignment for the benefit of the creditors of the foreign corporation need not be given to debtors of the assignor residing in this state prior to the service upon them of an attachment at suit of a creditor of the assignor; but it is sufficient if the debtors receive notice subsequently thereto in time to avail themselves of the assignment to defeat the claim of the attaching creditor against them.

Id.—Presumptions—Place of Assignment—Validity—Conduct of Assignee.—It is to be presumed that an assignment made by a Minnesota corporation for the benefit of its creditors to an assignee residing in Illinois, where the corporation was doing business, and made in conformity with the laws of Illinois, and conducted by the assignee under the direction of a court in that state, was made in Illinois, and is valid in all respects, and that the law has been obeyed, and the ordinary course of business pursued by the assignee.

Id.—Construction of Code as to Assignments.—The provisions of the Civil Code of this state, in relation to assignment for the benefit of creditors, apply to general assignments of property situated in this state; and, under section 3451 of that code, a person residing in another state or country is not prevented from making there, in good faith, and without intent to evade the laws of this state, a transfer of property situated in this state. But none of the provisions of our code have application to a general assignment for the benefit of creditors made in another state which includes only a chose in action against residents of this state, having no situs therein, and in respect to which no rights of any of the citizens of this state are involved prior to the assignment.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Waldo M. York, Judge.

The facts are stated in the opinion.

M. W. Conkling, and Julian P. Jones, for Appellant.

Anderson & Anderson, for Plaintiff, Respondent.

O. P. Widaman, for Edwards & Johnson, Respondents.

COOPER, C.—This case was submitted in the court below upon an agreed statement of facts. Judgment was thereupon entered in favor of plaintiff, and this appeal is by the intervenor from the judgment, and comes here upon the judgment-roll. The agreed statement of facts, which may here be treated as the findings, shows, in substance, as follows: At all times mentioned in the said stipulation the Northrup, Braslan, Goodwin Company was a corporation, organized under the laws of Minnesota, doing business in Minneapolis and in Chicago, Illinois. On May 28, 1896, the said corporation made a general assignment for the benefit of their creditors to plaintiff, who is a resident of the state of Illinois, which assignment purported to convey to the plaintiff, as assignee, all the property, both real and personal, of the said corporation wheresoever situate. The said assignment was made in conformity with the voluntary assignment laws of the state of Illinois. The plaintiff duly qualified as such assignee, filed the proper bond in the office of the clerk of the county court of Cook county, Illinois, and ever since has been the assignee of said corporation, acting under the direction of said county court. It does not appear from the stipulation whether the assignment was executed in the state of Minnesota or the state of Illinois.

On said last-named date the defendants were indebted to said corporation in the sum of three hundred and thirty dollars and sixty-two cents, which said sum is the subject of controversy in this action. At the time of making the said assignment, and prior thereto, the said corporation was, and still is, indebted to the intervenor, who was and is a citizen of the state of Nebraska, in the sum of one thousand dollars.

On the seventeenth day of July, 1896, after proceedings duly commenced by the intervenor in the superior court of Los Angeles county, state of California, against said corporation, a writ of attachment was duly issued and served upon the defendants, by which it was attempted to levy upon and garnishee the amount so due the corporation by the defendants. After the said writ was served upon defendants, the plaintiff made demand upon them for the payment to him as assignee of the amount owing by them to said corporation. Defendants admit the indebtedness, but desire the court to determine to whom it

shall be paid. The only issue to be determined here is, whether the indebtedness due by defendants to the corporation passed to plaintiff by said assignment. If it did so pass, then, at the time of the levy of the said writ, the defendants were not indebted to said corporation, but to plaintiff, as such assignee, for the benefit of creditors. There is no question here as to rights of any citizen of this state or of property situate within this state. The chose in action due from defendants to the corporation has no situs in the state of California, but must follow the person of the owner, and was, therefore, in contemplation of law, situate in the state of Minnesota at the time of the said assignment. ° (*Guillander v. Howell*, 35 N. Y. 662; Burrill on Assignments, 6th ed., sec. 282.)

The above proposition is conceded by appellant's counsel. The stipulation of facts shows that the assignment "was made in conformity with the voluntary assignment laws of the state of Illinois," and that the laws of Minnesota and Illinois shall be considered before the court in determining the question in controversy. The Revised Statutes of Illinois provide that any debtor may make a voluntary assignment of his property for the benefit of his creditors. (Ill. Rev. Stats., c. 10a, sec. 1.)

The assignment, therefore, having been made to a resident of Chicago, in which place the corporation was doing business, under the laws of Illinois, and the assignee having qualified and filed his bond with the county clerk of Cook county, where he is now acting under the direction of the county court of said county, and the voluntary assignment law of Illinois, by its terms, applying to assignments made in the state of Illinois, we think the assignment was valid, and conveyed all the property of the corporation to the plaintiff, including the chose in action due from defendants to the corporation.

It is the rule of all the states of the Union that a contract valid in the place where it is made is valid everywhere. (2 Parsons on Contracts, 570; Burrill on Assignments, sec. 275; Story on Conflict of Laws, secs. 376-83; *Guillander v. Howell*, *supra.*)

Certain exceptions are stated in the books in cases where a contract or sale affects property situate in a different state from the one in which the sale is made, or the revenue laws of an-

other state, or if it conflicts with the interests of another state or its citizens.

In Burrill on Assignments, section 275, the rule is thus stated: "With regard to all contracts of which the subject matter is personal property, it may be laid down as a broad general proposition, subject, however, to numerous qualifications, that their validity is to be tested by the law of the place where the contract is made. If valid there, they will be everywhere sustained, and foreign tribunals, on principles of international and interstate comity, will, in determining their force and sufficiency, regard them in the light of the law where they were made. On this principle a voluntary assignment in one state, valid by the laws of that state, would operate to convey personal property (not already subject to liens) in every state where it might be found."

In Story on Conflict of Laws, section 423a, the author, in discussing the rule that sales and contracts in relation to personal property are to be construed according to the law of the domicile of the owner or the place of the contract, says: "Similar rules will govern in cases of voluntary assignments by debtors, and of involuntary assignments under the bankrupt laws of a state. In each case the *lex loci* of the assignment or the bankruptcy will ordinarily form the basis of the priorities and privileges attaching to his movable property, and will regulate the distribution thereof among his creditors, at least, if that is the place of his domicile and of the situs of the property."

In the case of *Means v. Hapgood,* 19 Pick. 105, it was held that an assignment made in the state of Maine by a citizen thereof to certain of his creditors, was valid against a subsequent attachment of the debt in the commonwealth of Massachusetts by a citizen thereof. The learned Chief Justice Shaw, in the opinion, said: "This is founded upon the general principle that an owner has the disposing power over property which is recognized by all civilized, and especially by all commercial, nations, to transfer his property for a good and valuable consideration, and the general disposition of all friendly governments to give effect to such contracts when not opposed by some great consideration of public policy, or manifestly injurious to their own citizens. *A fortiori* is this true of the several states of the American

Union, who, though foreign for some purposes, are united for many others."

In *Campbell v. Colorado Coal etc. Co.*, 9 Colo. 60, filed June 17, 1885, 7 West Coast Rep. 32, it is said: "It may be considered a settled doctrine that a voluntary assignment which is valid in the state where the owner resides will be held to pass personal property included, the situs of which is in another state. It is said that while 'an involuntary transfer of movable property abroad, by process at home, does not divest the title in prejudice of creditors domiciled at the place of the actual situs, a voluntary transfer by the act of the owner divests it everywhere.' This is in perfect harmony with the principle that while the *'lex loci contractus* determines the validity of the contract, the *lex fori* controls the remedy.' (*Speed v. May*, 17 Pa. St. 91; 55 Am. Dec. 540; citing *Milne v. Moreton*, 6 Binn. 360; 6 Am. Dec. 466, and other cases. See, also, *Dehon v. Foster*, 4 Allen, 545, and cases cited.)"

In *Caskie v. Webster*, 2 Wall. Jr. 131, it was held that a general voluntary assignment, valid by the laws of one of the United States, though assumed to be void if it had been made in another state, will carry property in that other against a subsequent attaching creditor there. In the opinion it is said: "A debt is a mere incorporeal right. It has no situs, and follows the person of the creditor. A voluntary assignment of it by the creditor, which is valid by the laws of his domicile, whether such assignment be called legal or equitable, will operate as a transfer of the debt which should be regarded in all places."

In the case of *Law v. Mills*, 18 Pa. St. 185, Joy and Webster made a general assignment in the state of New York on November 17, 1849, for the benefit of their creditors. At the time of the assignment they had personal property in the state of Pennsylvania, which was, on November 20, 1849, levied upon by writ on a foreign judgment. It was held that the validity of the assignment was to be determined by the place of its execution, and, being valid under the laws of New York, it conveyed personal property situate in Pennsylvania.

In *Schuler v. Israel*, 27 Fed. Rep. 851, it was held that a general assignment for the benefit of creditors valid in Texas, where it was executed, would be held valid in Missouri, unless

it conflicted with the rights of resident creditors.  In a note to the case last cited it is said: "A voluntary general assignment for the benefit of creditors made in another state, and valid by its laws, will be recognized as valid, and as effectually transferring personal property wherever the same may be situated. (*In re Paige etc. Lumber Co.*, 31 Minn. 136; *Butler v. Wendell,* 57 Mich. 62; 58 Am. Rep. 329.)"  The general rule is, that a voluntary assignment of personal property, valid at the place where it is made, is valid everywhere and wherever the property may be situated, unless such transfer interferes with the domestic laws, policy, or rights of the citizens of the state in which the property is situate.  (Burrill on Assignments, 6th ed., 359, and cases cited in note 5.)

It follows that the assignment conveyed the property to plaintiff, and that at the time the attachment was served the defendants were not indebted to the corporation, but to its assignee.

The fact that notice of the assignment was not given to defendants before the attachment was served upon them is immaterial.  If the debtor receives notice of the assignment *pendente lite* in time to avail himself of it in discharge of the suit against him, this will be sufficient.  (Story on Conflict of Laws, sec. 396, and cases cited.)

It is claimed that in the absence of any statement in the stipulation as to where the assignment was made, that we must presume that it was made in Minnesota.  We think the presumption from the facts, as stated in the stipulation, is that it was made in Illinois.  The laws of Illinois evidently apply to assignments made in the state, and the stipulation shows that the assignment was in conformity with the laws of the state. The assignee resided in Chicago, where the corporation was doing business, and is now acting under the directions of the county court of Cook county.  The presumption is, that the assignment was valid, that the law has been obeyed and that the ordinary course of business has been pursued.  (Code Civ. Proc., sec. 1963.)

It is contended that the assignment is void because it does not comply with title III, division IV, of the Civil Code of this state, providing for assignments for the benefit of creditors.

We think the provisions of the Civil Code referred to apply to assignments of property situate in the state of California. This is apparent by section 3451, which, among other things, provides: "The provisions of this title do not prevent a person residing in another state or country from making there, in good faith, and without intent to evade the laws of this state, a transfer of property situated within it; but such person cannot make a general assignment of property situated in this state for the satisfaction of all his creditors, except as in this title provided."

The section *ex industria* provides that a transfer of property by a resident of another state, made in good faith, of property situate within this state will be treated here as valid, except that a general assignment for the benefit of creditors of property situate in this state cannot be made. As there was no attempted transfer of any property claimed to be in this state by the assignment, the rule of section 3451 cannot be applied. It is true that the section states that it is not intended to prevent a resident of another state from disposing of or transferring property situate within this state, except that a general assignment of such property cannot be made except as in the title provided, but this only strengthens the view we have already expressed, that it was not intended to interfere with any assignment made by a party residing in another state of property in such other state. It is claimed by counsel for intervenor that the first part of section 3451 refers to property situated in another state. If so the section should read: "The provisions of this title do not prevent a person residing in another state or country from making there, in good faith, and without intent to evade the laws of this state, a transfer of property situated within such other state or country."

We certainly cannot think the legislature believed that the provisions of said title without the portions quoted would have prevented a person in another state from making there a transfer of property situated within such other state. If so, every provision of each of our codes should contain such exception. The laws of this state, in relation to assignments for the benefit of creditors, refer to all persons and property within its jurisdiction, but not to persons and property in a foreign jur-

isdiction and in relation to an assignment made in such jurisdiction in a case where no rights of any of its citizens are involved.

We advise that the judgment be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.            Temple, J., McFarland, J., Henshaw, J.