### BANZER v. RICHTER.

(Supreme Court, Special Term, Kings County.    June 13, 1910.)

1. BILLS AND NOTES (§ 129*)—SEVERAL NOTES—DEFAULT IN ONE—EFFECT.
   ' Under a chattel mortgage securing several notes, in terms payable · monthly, providing that on default in payment of one all "shall become . immediately due ·and payable," such default makes all due absolutely, and not at the option of the payee.

   [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 129.*]

2. SALES (§ 82*)—PAYMENT.
   · A contract of sale, providing for the giving of notes for the purchase money, one of them to become due each month thereafter, and providing that the chattel mortgage to be given as security shall provide that on default in payment of one of the notes all the others shall immediately· become .due and payable, and the notes and mortgage given pursuant thereto, constitute but one contract for payment of money.

   [Ed. Note.—For other cases, .see Sales, Dec. Dig. § 82.*]

**3. JUDGMENT (§ 596*)—ACTION ON PART OF CAUSE OF ACTION—EFFECT.**

By suing and recovering on one of the notes given for the purchase price, by their terms payable one each month, but by the terms of the contract of sale, and the chattel mortgage securing them, all immediately becoming due and payable on default in payment of one, the payee is barred from suing on the others.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1111; Dec. Dig. § 596.*]

**4. PLEADING (§ 345*)—JUDGMENT ON PLEADINGS.**

Though the matters set up in the answer constitute a good defense, yet, there being no counterclaim, such matters are deemed to be denied without further pleading, and therefore must be proved, so that defendant cannot have judgment on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1056; Dec. Dig. § 345.*]

**5. PLEADING (§ 132*)—ANSWER—NECESSITY OF DENIALS.**

An answer, though setting forth affirmative matter, which is a good defense when proved, is bad if it contains no denials of the allegations of the complaint.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 132.*]

Action by Mary Elizabeth Banzer against Charles Richter. Both parties move for judgment on the pleadings. Defendant's motion denied; plaintiff's motion granted conditionally.

Martin T. Manton, for plaintiff.
Francis M. Eppley, for defendant.

CRANE, J. Both parties in this action have moved under section 547 of the Code of Civil Procedure for judgment on the pleadings. The plaintiff sues on 52 promissory notes for the total sum of $3,466.-32. These notes, with others, were made on or about the 16th day of December, 1907, for $66.66 each, one of which became due each month thereafter, and were given pursuant to the terms of a contract for the sale of the fixtures, good will, and merchandise in the premises known as Banzer's Cypress Hill Park by the plaintiff to the defendant. This contract of sale, dated November 18, 1907, provided, in reference to these notes, as follows:

"All of said notes to be secured by a chattel mortgage on the chattels in the sale, said chattel mortgage to contain a clause that, in the event of the nonpayment of any of said notes at the place where and time when payable, then and in such event all of the balance of said notes·shall become immediately due and payable."

Thereafter, and on the 16th day of December, 1907, a bill of sale of the property was given by the plaintiff to the defendant, and in exchange the defendant paid a certain amount of càsh and gave the notes in question, dated December 16, 1907, and also a chattel mortgage containing the clause and agreement above quoted from the contract; i. e., that in the event of the failure to pay any installment or note as provided, the whole amount of the principal sum then remaining unpaid shall become immediately due and payable, with interest.

On the 3d day of February, 1908, the plaintiff brought an action against the defendant in the Supreme Court on one of the serial notes of $66.66, which had not been paid, and recovered judgment, which

has been paid. On the 28th day of February, 1908, the plaintiff brought another action in the Supreme Court for a like amount upon another one of the notes, which had become due and payable, and recovered a judgment, which has been paid. On the 9th day of June, 1908, the plaintiff brought an action upon another one of the notes, with like result; and on the 18th day of July, 1908, a like action was brought for $266.64 upon four of the notes, which it was claimed had become due and payable, which action is now pending.

The present action is brought by the plaintiff to recover the total amount of all the other notes, claiming them to be now due and payable under the terms of the contract above referred to. The defense interposed is that, when the prior actions were brought, all of the notes were absolutely due and payable, and could and should have been sued upon and the total amount recovered in the one action, and that by recovery of a part of the amount only the judgment is a bar to subsequent actions. This defense I consider good for the following reasons:

The contract, the bill of sale, the chattel mortgage, and the notes, formed but one contract, and must be read together as one instrument. Ewing v. Wightman, 167 N. Y. 107, 60 N. E. 322; Rogers v. Smith, 47 N. Y. 324; Knowles v. Toone, 96 N. Y. 534. Eng. & Am. Ency. of Law, vol. 4, p. 144. The plaintiff does not sue in this action upon notes which, according to their face have become due, but refers to the agreement contained in the contract and chattel mortgage, according to which the notes sued upon, having months and years yet to run, according to their face, are made presently payable by previous default. Paragraph 3 of the complaint reads:

"That at the time of the making of the said series of notes an agreement was entered into between the plaintiff and defendant, which said agreement by its terms provided that in the event of the defendant's failure to pay any of the said notes at the time and when they became due and payable, then in that event each and every one of said notes in the said series should be due and payable."

The plaintiff does not sue simply upon the notes, but recognizes that the notes were made part of a contract, and he makes that contract the basis of his action, as in fact it must be. He, however, has made the mistake of considering the clause making all notes due upon nonpayment of any one as giving an option, which he may or may not exercise. This is not so. The contract and chattel mortgage do not say that the remaining notes, upon default, shall immediately become payable at the *option* of the seller, but shall be immediately payable. The plaintiff had no option upon default of the first note. All of the others were immediately due, and it was a right of the defendant to have them due and payable at that time, as the statute of limitation would begin to run against them as of that date of default. First National Bank of Sturgis v. Peck, 8 Kan. 660.

When, therefore, action was brought upon the first note that had become payable, the entire amount unpaid upon the contract was then due, and if it were one contract, one transaction, and the plaintiff chose to sue for part, he cannot bring subsequent action. Secor v.

Sturgis, 16 N. Y. 548, is a leading authority upon this point. The rule as there stated is as follows:

"The true distinction between demands or rights of action which are single and entire, and those which are several and distinct, is that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts. Perhaps as simple and safe a test as the subject admits of, by which to determine whether a case belongs to one class or the other, is by inquiring whether it rests upon one or several acts or agreements. In the case of torts, each trespass, or conversion, or fraud, gives a right of action, and but a single one, however numerous the items of wrong or damage may be; in respect to contracts, express or implied, each contract affords one, and only one, cause of action. The case of a contract containing several stipulations to be performed at different times is no exception. Although an action may be maintained upon each stipulation as it is broken, before the time for the performance of the others, the ground of action is the stipulation, which is in the nature of a several contract."

In Bendernagle v. Cocks, 19 Wend. 206, 32 Am. Dec. 448, it is stated that the rule requiring the entire amount due to be sued for in one action, being of a remedial tendency by contributing to reduce a vexatious multiplicity of suits, shall be liberally applied. See, also, Jex v. Jacob, 19 Hun, 105. Pakas v. Holingshead, 184 N. Y. 211, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, quotes the following with approval:

"If it appears that the first judgment involved the whole claim, or extended to the whole subject-matter, and settled the entire defense to the whole series of notes or claims, and adjudicated the whole subject-matter of a defense equally relevant to and conclusive of the controversy between the parties, * * * pertaining to the same transaction or subject-matter, then the first judgment operates as an estoppel as to the whole."

"The general rule is that it is against the policy of the law to permit a plaintiff to prosecute in a second action for what was included in and might have been recovered in the first, because it would harass the defendant and expose him to double costs."

See, also, Kennedy v. City of New York, 196 N. Y. 20, 89 N. E. 360.

The notes and contemporaneous writings constituted but one contract for the payment of money. When default was made in the payment of the first installment, the entire amount of the balance unpaid became due absolutely, and not at the option of the plaintiff. When he sued for part of the amount due, instead of the entire amount, which was also payable, he foreclosed himself from bringing subsequent action for the balance. The defense alleged in the answer I therefore consider sufficient. So much for the main contention.

I cannot grant the defendant's motion for judgment in his favor on the pleadings, as under our practice, there being no counterclaim, the matters set up as a defense are deemed to be denied by the plaintiff without subsequent pleading. Therefore the defendant will have to prove the matters alleged upon the trial.

Again, while the defense alleged and set forth in the answer is a good defense when proved, yet the answer is insufficient—in fact, no answer—for the reason that it contains no denials whatever of the allegations of the complaint. It has been held in Smith v. Coe, 170 N. Y. 162, 63 N. E. 57, that an answer, to be good, must contain denials,

as well as an affirmative defense or counterclaim. See, also, Fleischmann v. Stern, 90 N. Y. 110.

As the answer is bad without denials, I am obliged to grant plaintiff's motion for judgment on the pleadings, although this point has not been raised by him, unless the defendant, within 20 days after service of the order made upon this motion, serve an amended answer containing denials, along with his affirmative defense, and pays $10 costs.