[Civ. No. 8304. First Appellate District, Division One.—July 21, 1932.]

L. A. ANDREWS, Receiver, etc., Respondent, v. MAURICE B. ZOOK, Administrator, etc., Appellant.

Holcomb, Holcomb & Kempley for Appellant.

Aubrey Devine for Respondent.

TUTTLE, J., *pro tem.*—This is an action brought to recover $7,922.81, upon a promissory note. Judgment was rendered in favor of plaintiff. The appeal is prosecuted from the judgment.

The note was executed by F. H. Zook, who died and whose estate is being administered by defendant, and it reads as follows:

"No. 12315                                                          Due 9-5-24

"Des Moines, Iowa, September 5, 1923.

"Twelve months after date, for value received, I or we jointly and severally as principals, promise to pay to the order of The United State Bank, Des Moines, Iowa, Six

Thousand and no/100 Dollars, payable: $500.00 Dec. 4, 1923, $500 on Mar. 4, 1924, $500.00 on June 2, 1924, $4500. on Sept. 5, 1924, at its office in Des Moines, Iowa, with interest at the rate of eight per cent per annum, from date payable semi-annually until paid. Overdue principal or interest shall draw interest at the rate of eight per cent per annum, payable semi-annually. Sureties, endorsers and guarantors hereon severally waived demand, notice of non-payment, notice of protest and protest of this note, and consent that time of payment may be extended without notice. Upon default of payment of this note we agree to pay attorney fees and all expenses of collection. Any Justice of the Peace may have jurisdiction hereon to the amount of $300.00. If payments are not made on dates specified above, entire amount of note becomes due and payable at once.

"C. W. GRAHAM.

"Address LLOYD WADDELL.          L. B. KIRKPATRICK.
"Address E. L. LLOYD.          F. H. ZOOK."

On March 24, 1928, F. H. Zook died in Los Angeles County, and defendant was appointed administrator of his estate. On September 11, 1928, plaintiff filed his duly verified claim against said estate, and on March 9, 1929, the claim was rejected by the administrator. On April 13, 1929, this action, based upon the claim, was instituted. The only payment made by the makers of said note was the sum of $240, which represented interest on the principal sum for the first six months, and which was paid March 11, 1924. Defendant pleaded the statute of limitations—section 337 of the Code of Civil Procedure. This was the only defense offered.

The note contains the following acceleration clause: "If payments are not made on dates specified above, entire amount of note becomes due and payable at once." It is the contention of appellant that "the right of action on a promissory note providing for payment in installments and containing a positive non-optional acceleration clause is barred in four years after default in any installment". Or, more specifically, appellant contends that the cause of action for the full amount arose on the fifth day of December, 1923, and was barred four years thereafter.

In the conclusions of law the following appears: "That in arriving at this judgment the court has found as a conclusion of law that the $500.00 principal payment due on December 4, 1923, and the $500.00 principal payment due on March 4, 1924, under the terms of the above-mentioned promissory note, are barred by the provisions of section 337 of the Code of Civil Procedure of the State of California, but that the additional $5,000.00 principal of said promissory note and the interest accrued thereon from March 4, 1924, are not barred by the provisions of section 337 of the Code of Civil Procedure or any other provision in the laws of the State of California. . . . " It will thus be seen that the judgment did not include the first two installments of $500 each, which the trial court held were barred by the statute of limitations. As to the other two installments, the maker died before the four-year period had expired, and the action as to them was commenced in time (Code Civ. Proc., sec. 353), if the contention of appellant, based upon the acceleration clause, does not prevail.

While the precise point here involved does not appear to have been decided in California, a very analogous adjudication has been made in this state respecting the payment of interest upon a promissory note. This question was first presented in the case of *Belloc* v. *Davis*, 38 Cal. 242, where the clause under consideration read as follows "and in case default be made in any payment of interest, when the same shall become due as aforesaid, then the whole amount of principal and interest to become due and payable, immediately, upon such default". The action in that case was commenced more than four years after a default in the payment of interest. It was contended by the maker of the note that when a default in the payment of interest occurred, the whole amount became due and payable, and as the action had been commenced more than four years thereafter, it was barred. In disposing of the legal question thus presented, the court stated the rule to be as follows: "The question is novel, and somewhat embarrassing; but our conclusion is, that the cause of action, within the true meaning of the statute, accrued at the expiration of the credit fixed by the note, to wit: six months after its date. The provision in the note, to the effect that in the case of a default in the payment of interest, the whole amount of principal and

interest shall 'become. due and payable immediately upon such default', is evidently in the nature of a penalty, inserted for the benefit of the creditor, and as an incentive to the debtor to stimulate him to prompt payment of the interest, in order to avoid a forfeiture of the credit allowed by the note. . . . If it were otherwise, a perfectly solvent debtor, owing a debt payable at a remote period, with interest payable monthly, or at other stated periods, might shorten the credit to the statutory time of four years by wilfully declining to pay the first installment of interest, provided the note contained a clause similar to that in this case. Money is often loaned at interest on a long credit, for the purpose of an investment; and in order to avoid the annoyance and hazard of changing the securities, the interest is generally lower on a long loan than on a short one; nevertheless, it is important to the lender that the interest be punctually paid; and if, with that view, he should insert in the note a clause similar to that in this case, the borrower needs only to decline to pay, even for a day, the first installment of interest, in order to shorten the credit to four years, if the argument for the defendants be sound. This would convert the Statute of Limitations from a statute of repose into one of oppression and fraud. Instead of simply compelling the creditor to sue upon his demand within a reasonable time *after* it is due, it would enable a dishonest debtor, if his interest prompted it, to compel the creditor to take payment long *before* it is due, and thereby escape the payment of future interest. We do not give to the statute so narrow a construction, and therefore hold that the cause of action in this case did not accrue until the maturity of the note.''

The foregoing rule has been followed in *Congregational Church, etc.,* v. *Osborn,* 153 Cal. 197. [94 Pac. 881], and *California Sav. etc. Soc.* v. *Culver,* 127 Cal. 107 [59 Pac. 292], and is the settled law in this state. In the case of *Keene Five Cent Sav. Bank* v. *Reid,* 123 Fed. 221, the application of the statute of limitations to promissory notes and other contracts which contain acceleration clauses, is exhaustively treated. It is there stated: ''The effect of such clauses as the one in question has frequently been a subject for judicial consideration, and, while the decisions are not entirely harmonious, yet the decided weight of reason and authority is

in favor of the view that such provisions are not self-operative; that they are for the benefit of the creditor, and intended to give him, on grounds of convenience, the right to treat the entire debt as matured, if an installment of interest is not paid as and when it should be, or if the taxes on the mortgaged premises are not paid pursuant to agreement. The great majority of the cases treat such provisions, when contained in mortgages, as designed to further constrain and stimulate the debtor to meet his engagements promptly, and to arm the creditor with a right in the nature of a right to declare a forfeiture or to exact a penalty, which he may or may not exercise, and as a right which the courts will never regard as having been exercised by the creditor, or as having any effect upon the period of maturity specified in a note or bond, without some affirmative action on his part, such as a notification to the debtor, by a suit or otherwise, that on account of the default he elects to treat the entire indebtedness as due. Attention has also been called to the fact that to hold such provisions as the one in question to be self-operative would be to confer on the debtor the right to take advantage of his own wrong; that is, to mature an indebtedness which was intended as an investment for a given period, in advance of the time specified on the face of his note or bond, by failing to keep his engagements. (*Cox* v. *Kille*, 50 N. J. Eq. 176 [24 Atl. 1032]; *Mason* v. *Luce*, 116 Cal. 232 [48 Pac. 72]; *Richards* v. *Daley*, 116 Cal. 336 [48 Pac. 220]; *Lowenstein* v. *Phelan*, 17. Neb. 429 [22 N. W. 561]; *First Nat. Bank of Snohomish* v. *Parker*, 28 Wash. 234 [92 Am. St. Rep. 828, 68 Pac. 756, 757]; *Watts* v. *Creighton*, 85 Iowa, 154 [52 N. W. 12]; *Batey* v. *Walter*, (Tenn. Ch. App.) 46 S. W. 1024; *Nebraska City Nat. Bank* v. *Nebraska City Gas Light & Coke Co.*, (C. C.) 14 Fed. 763; *Phillips* v. *Taylor*, 96 Ala. 426 [11 South. 323].)''

We are aware that a number of text-books support the contention of appellant, but we regard the rule as having been settled to the contrary in this state by decisions above cited. Appellant also cites *Perkins* v. *Swain*, 35 Idaho, 485 [34 A. L. R. 894, 207. Pac. 585]. While that case is authority for the position taken by appellant, it clearly indicates that there is a conflict of authority upon this question throughout the United States. In the list of authorities which hold that the acceleration clause is for the benefit of

the creditor and that while not therein so expressed, it is purely optional to declare the whole amount due, we find *Belloc* v. *Davis, supra,* from our own jurisdiction.

Appellants attempt to distinguish the California cases upon the ground that they apply to *interest* payments only, and not to *installments.* While this is true, a careful reading of the Belloc case and those cases following it indicates that our courts have adopted the broad principle that acceleration clauses of like character are not absolute or self-operative; that they are for the benefit of the creditor, and that failure to pay an installment of principal when due cannot be taken advantage of by the debtor to mature the entire indebtedness.

We therefore conclude that the trial court properly held that the amounts for which judgment was given were not barred by the statute of limitations.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 20, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the Distrtict Court of Appeal, was denied by the Supreme Court on September 19, 1932.