[Civ. No. 2140.   Fourth Appellate District.—March 19, 1938.]

DONALD D. SULLIVAN, Appellant, v. HORACE T. SHANNON, Respondent.

Charles R. Holton for Appellant.

Harold Richardson for Respondent.

MARKS, J.—This action was instituted to collect from defendant the sum of $2,000, principal, together with accrued interest, being a balance unpaid on a bond dated February 10, 1925, executed and made payable in New York.  A de-

murrer to the amended complaint, on the ground that the cause of action was barred by the provisions of subdivision one of section 337 of the Code of Civil Procedure, was sustained with leave to amend. Plaintiff declined to amend and has appealed from the judgment entered against him.

■ The amended complaint was filed on March 4, 1937. The original complaint is not in the record nor is the date of its filing. Where a plea of the statute of limitations is interposed by demurrer the complaint and the date of its filing are important and necessary parts of the record. A record which does not contain this information is deficient. (*Dougall* v. *Schulenberg*, 101 Cal. 154 [35 Pac. 635].) However, counsel for both parties state in their briefs that the complaint was filed "on or about" November 12, 1936. As the question of this defect in the record is not raised by either party we will assume that the complaint was filed on that date.

The amended complaint alleges that on February 10, 1925, defendant executed and delivered to Robert J. Malone a mortgage on property in the city of Binghamton, County of Broome, State of New York, to secure the payment of $7,500. The principal was payable in semi-annual instalments of $500 each, commencing on August 1, 1926, the final payment falling due on August 1, 1933. The bond contained the following acceleration clause:

"AND IT IS HEREBY EXPRESSLY AGREED that the whole of said principal sum shall become due after default in the payment of any instalment of principal or interest, or any part thereof, for thirty days, . . . "

Malone died, his estate was administered, and the bond finally came into the ownership of plaintiff. The mortgage was given subject to a prior mortgage. The first mortgage was foreclosed and the entire property was taken for that debt.

The amended complaint contains the following allegations:

"That the defendant, Horace T. Shannon, is a resident of the County of Orange, State of California. . . .

"Plaintiff is informed and believes and therefore alleges the fact to be that the defendant, on the 10th day of February, 1925, the date upon which said mortgage and bond were executed, was a resident of the State of New York; that at a time known to defendant, but unknown to plaintiff, he removed to the State of California, and now resides therein. . . .

"That the said defendant, Horace T. Shannon, has failed to perform the condition of said bond, viz.: has failed to pay or cause to be paid unto said mortgagee, or his successors or assigns, the just and full sum of Seven Thousand Five Hundred ($7,500) Dollars, together with interest as in said bond provided, and there is now due, owing and unpaid unto the said plaintiff herein, the sum of Two Thousand ($2,000.00) Dollars, together with interest thereon at the rate of six (6%) per cent per annum from the 1st day of February, 1933, from the said defendant, Horace T. Shannon. . . . "

There are no other allegations of the residence of defendant nor of the payments on the bond except the endorsements on a copy of that instrument which is set forth in full and made a part of the pleading by reference. Those endorsements show that eleven semi-annual payments of $500 each were made on the principal of the bond, the first on August 5, 1926, and the last on September 14, 1931.

■ It is, of course, admitted that the California statute of limitations of four years (subd. 1, sec. 337, Code Civ. Proc.) controls this action as it is pending in a California court. (*Miller* v. *Lane*, 160 Cal. 90 [116 Pac. 58].) ■ It is well settled here that where a citizen of another state creates an obligation in writing in the state of his domicile, payable there, and removes his residence to this state, the California statute of limitations starts running in his favor when he removes to this state. (*Dougall* v. *Schulenberg*, *supra*; *Chappell* v. *Thompson*, 21 Cal. App. 136 [131 Pac. 82] ; *McKee* v. *Dodd*, 152 Cal. 637 [93 Pac. 854, 125 Am. St. Rep. 82, 14 L. R. A. (N. S.) 780].)

■ The first serious question presented for our consideration is whether the California rule or the New York rule of construction of an acceleration clause such as we have quoted must control here. In this state, and we believe in a majority of the states (*Keene Five Cent Savings Bank* v. *Reid*, 123 Fed. 221), it is held that an automatic acceleration clause is not self-operative; that it is for the benefit of the payee and may be waived; that he must take some action to set it in motion; that without such action on his part it does not become operative and the full amount of the principal will not become immediately due merely on the happening of a default. (*Belloc* v. *Davis*, 38 Cal. 242.) In New York the contrary rule prevails and the full amount of the principal becomes immediately due on the happening of the default in

accordance with the express terms of the contract. (*Banzer* v. *Richter,* 68 Misc. 192 [123 N. Y. Supp. 678] ; Id., 146 App. Div. 913 [131 N. Y. Supp. 1103].) If the California rule is to be applied, the whole debt was not barred on November 12, 1936, and the demurrer was wrongfully sustained. (*Trigg* v. *Arnott,* 22 Cal. App. (2d) 455 [71 Pac. (2d) 330].) If the New York rule is controlling, the entire debt became due on February 1, 1932, if not before.

In *Utah State Nat. Bank* v. *Smith,* 180 Cal. 1 [179 Pac. 160], the Supreme Court had before it the construction of a promissory note drawn in Utah and made payable there. The ultimate question for decision was whether the note was a negotiable instrument. This involved a decision of the question of when the note, by its terms, became due, which is the same question presented in the instant case. The Supreme Court held that the due date of the note was to be determined under the laws of Utah and not under the laws of California.

In *Mercantile Acceptance Co.* v. *Frank,* 203 Cal. 483 [265 Pac. 190, 57 A. L. R. 696], it is said:

. ''It is a well recognized principle of law in this state, as well as other jurisdictions, that the law of the place where a contract is made determines its validity. This rule is well and succinctly stated, as follows: 'The validity and construction of a contract are determined by the law of the place where it is made. Accordingly, it is quite generally held that a contract valid in the place where made is valid everywhere; and that a contract invalid where made is invalid everywhere; and the validity or invalidity of a contract so determined will, on principles of comity, be recognized wherever it is sought to be enforced, even though the law of the forum would have determined otherwise if applied.' (5 Cal. Jur. 449.) To the same effect is 11 Corpus Juris, page 422. (See, also, *Fenton* v. *Edwards & Johnson,* 126 Cal. 43 [58 Pac. 320, 77 Am. St. Rep. 141, 46 L. R. A. 832] ; *Platner* v. *Vincent,* 187 Cal. 443 [202 Pac. 655] ; *Pinney* v. *Nelson,* 183 U. S. 144 [46 L. Ed. 125, 22 Sup. Ct. 52] ; *Hervey* v. *Rhode Island Locomotive Works,* 93 U. S. 664 [23 L. Ed. 1003] ; see, also, Rose's U. S. Notes; Thomas on Chattel Mortgages, 320; Jones on Chattel Mortgages, 301.) ''

The following cases hold that a promissory note must be interpreted according to the laws of the state where its obligation is to be performed: *McKee* v. *Dodd, supra; Navajo*

*County Bank* v. *Dolson,* 163 Cal. 485 [126 Pac. 153, 41 L. R. A. (N. S.) 787]. See, also, *Pratt* v. *Dittmer,* 51 Cal. App. 512 [197 Pac. 365]; *Luikart* v. *McDonald,* 11 Cal. App. (2d) 433 [53 Pac. (2d) 1012]. There is nothing contrary to this conclusion in *Andrews* v. *Zook,* 125 Cal. App. 19 [13 Pac. (2d) 518]. The laws of Iowa, where the contract involved in that case was made, are not discussed in the opinion.

We, therefore, conclude that the acceleration clause in the bond before us must be interpreted under the laws of the state of New York and that the unpaid principal became due and payable on the happening of the default of February 1, 1932, if not before, which was more than four years before this action was instituted.

Counsel for plaintiff invokes the familiar and well-established rule that it must affirmatively appear from the allegations of a complaint that the cause of action is barred by the statute of limitations before that defense can be urged by way of demurrer. He urges (1) that it cannot be ascertained from the amended complaint that defendant had resided in California for four years prior to the institution of this action, and (2) that it cannot be ascertained from that pleading that the unpaid balance of the principal of the bond became due and payable more than four years prior to the filing of the complaint.

The case of *Bass* v. *Berry,* 51 Cal. 264, was an action on a promissory note executed in the state of New York. The defendant plead the statute of limitations by way of demurrer which was sustained. Plaintiff declined to amend and appealed from the judgment rendered against him. The judgment was affirmed on appeal. That case was cited with approval in *Pleasant* v. *Samuels,* 114 Cal. 34 [45 Pac. 998], where it was said:

''Where an action is brought upon a promissory note by the payee or an endorsee against the maker, and it appears that the note had matured more than four years before the commencement of the suit, the defense of the statute of limitations may be set up by demurrer. In such a case the complaint shows the exact time at which the cause of action arose, and, if it appears upon the face of the complaint that the statutory period of limitations has elapsed before the commencement of the action, the plaintiff, if he desires to escape the bar of the statute, must allege some fact which has prevented the

running of said statute. This has been held a number of times by this court, particularly in *Smith* v. *Richmond*, 19 Cal. 476, where it was held that when a new promise is relied upon it must be alleged, and in *Bass* v. *Berry*, 51 Cal. 264, where it was said: 'The action being founded upon an instrument in writing, executed out of the state, the statutory bar of two years presumptively applies. If the plaintiff's case could be relieved in this respect by the fact of the absence of the defendant from the state, that fact should have been averred in the complaint.' '' To the same effect is *Littlepage* v. *Morck*, 120 Cal. App. 88 [7 Pac. (2d) 716].

From the foregoing authorities we conclude that plaintiff should have alleged, if such were the fact, that defendant had been absent from California for a sufficient time during the four years preceding the filing of the complaint to have tolled the statute of limitations. In the absence of such allegation the amended complaint was vulnerable to the plea of the statute of limitations interposed by the demurrer of defendant.

In making his second argument that the time of default cannot be ascertained from the allegations of the amended complaint, counsel overlooks the plain allegations of that pleading. A copy of the bond with its endorsements was attached to the amended complaint and made a part of it by reference. Those endorsements show that eleven payments of $500 each had been made on the principal of the note, or a total of $5,500. The date of each payment is also shown. The amended complaint alleges an unpaid principal balance of $2,000. The total debt was $7,500. In effect the pleading alleged that each principal payment was made on each respective date set forth in the exhibit, or that the last principal payment was made on September 14, 1931. ''A fact may appear (from the allegations of a pleading) by inference as well as by direct allegation.'' (*United Bank & Trust Co.* v. *Fidelity & Deposit Co.*, 204 Cal. 460 [268 Pac. 907].) We have here direct allegations of payments made, and balance unpaid, from which we may determine by mathematical calculation that the payments endorsed on the bond were all the payments made on the principal, and that the last principal payment was made on September 14, 1931.

The attempted appeal from the order sustaining the demurrer is dismissed. The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.