In re STROTZ.

No. 37302–M.

District Court, S. D. California, Central Division.

May 15, 1943.

Simon & Garbus, of Beverly Hills, Cal., for Bankrupt.

Raphael Dechter, of Los Angeles, Cal., for trustee.

Jacob J. Lieberman and Frank A. Pettibone, both of Los Angeles, Cal., and Frank Michels, of Chicago, Ill., by Jacob J. Lieberman, of Los Angeles, Cal., for Reconstruction Finance Corporation, petitioner for review.

Harold L. Watt, of Los Angeles, Cal., for claimant Eugenia Vollentine.

McCORMICK, District Judge.

This is a review of the referee's order dated December 2, 1942, overruling numerous objections by petitioner on review, Reconstruction Finance Corporation, to an amended plan of arrangement under Chapter XI of the National Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and approving said plan proposed by the bankrupt. (For brevity, petitioner on review is hereinafter referred to and called R.F.C.).

From the record and the evidence before us the following factual situation is revealed: On October 22, 1940, the bankrupt, Harold C. Strotz, filed a voluntary petition in bankruptcy and on the following day was adjudicated a bankrupt. Schedules attached to the petition show liabilities of $1,881,830.86, and assets totaling $625. A substantial portion of the liabilities resulted from the bankrupt's financial losses in the stock market and as a further result of statutory liability imposed upon the bankrupt as a former officer and director of banks in Chicago, Illinois.

The claim of R.F.C., now amounting to $340,566.44, and allowed by the referee, is based upon a promissory note dated August 12, 1930, signed by the bankrupt and nine other directors of the Madison Square Bank in Chicago, Illinois, upon which note the Madison Square Bank received from the payee, the Central Republic Bank and Trust Company, a check for $210,000. Thereafter the Central Republic Bank and Trust Company pledged the note to R.F.C. as part

security for a loan in the sum of $90,000,-000.

Within the time allowed for filing, eleven claims, totaling $974,848.64, were filed in the bankruptcy proceedings. One claim in the sum of $245,811.25 was rejected, leaving allowed claims in the sum of $729,037.-39. Among the claims filed and not objected to by the trustee, and which was allowed by the referee, is the claim of W. E. Deming, agent for Eugenia Vollentine, in the sum of $168,410.85, based upon five promissory notes executed by the bankrupt in Chicago on January 14, 1932, due two, three and four years after date of execution and payable at Taylorville, Illinois.

On March 21, 1941, R.F.C. filed its specifications of objections to discharge and alleged therein, but without mention of the so-called Vollentine claim, that the bankrupt failed to keep or preserve books of account and records, and that he failed to explain satisfactorily his deficiency of assets, and that the bankrupt subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy by numerous specified acts transferred, destroyed and concealed his property with intent to hinder, delay or to defraud his creditors. Prior to a complete determination of these objections, the bankrupt on April 30, 1941, filed a petition for an arrangement of his obligations under Chapter XI of the National Bankruptcy Act, and offered his creditors the sum of $10,000, together with a ten percent interest which he may have had as a beneficiary under the last will and testament of his father, which will contained spendthrift provisions against anticipating or assigning the same.

On July 2, 1941, an amended petition of arrangement was filed in substance similar to the original plan except that $25,000 obtainable by bankrupt by loan from his stepson was offered to the creditors. To this R.F.C. filed objections and alleged those matters set forth in its original objections to the bankrupt's discharge. On May 27, 1942, the bankrupt again amended his petition for an arrangement by including an offer of an additional $7,000, thereby offering to his creditors a total of $32,000 borrowed money, in addition to the ten percent in the will of his deceased father. The latter plan was accepted by all creditors whose claims had been allowed by the referee, except R.F.C., which objected to the plan upon the grounds that the bankrupt had committed the acts specified in the previous objections to discharge, and upon an additional ground that the Vollentine claim, because barred by the statute of limitations was not an allowable claim and that, eliminating this claim, a majority in number and amount required by section 362 of the Bankruptcy Act had failed to accept the proposed plan of arrangement. The referee found that the evidence in support of the objections to the bankrupt's discharge was insufficient to warrant denying a discharge and that therefore refusal of confirmation of the bankrupt's plan of arrangement is not justified by the record. The referee further concluded that as an action could be maintained in Illinois upon the promissory notes constituting the Vollentine claim because the Illinois statute of limitations had not run against such notes, the requisite majority in number and amount had duly approved the proposed plan.

■ As the statute of limitations applicable is that of the State of California and not that of the State of Illinois, we are unable to agree with the latter conclusion of the referee, and it therefore becomes unnecessary to consider the other alleged errors asserted by R.F.C.

■ Section 362 of the Bankruptcy Act relates to the acceptance and confirmation of a proposed arrangement and requires that an application for the confirmation of the arrangement may be filed only after the plan has been accepted in writing by a majority in number and amount of all creditors affected by the arrangement whose claims have been previously proved and allowed. Section 307 of the Act provides in effect that "creditors" shall include holders of all unsecured claims of whatever character against a debtor whether or not provable under section 63 of the Act, 11 U.S.C.A. § 103; and "debts" or "claims" shall include unsecured demands of whatever character whether or not provable under said section 63. The proceeding before the court is not one in the nature of an arrangement for an extension of time for payment of debts in full and, in our opinion, section 302 relating to the applicability of the other provisions of the Bankruptcy Act apply so as to affect provability of a claim or at least the allowability of a claim where it is barred by the statute of limitations. In re Lipman, D.C., 94 F. 353; In re Resler, D.C., 95 F. 804; In re Putman, D.C., 193 F. 464, affirmed 9 Cir., 194 F. 793; Collier

on Bankruptcy, 14th Ed., Vol. 3, p. 1801, et seq.

■ Although enforcement of the Vollentine claim may not have been barred under the Illinois ten-year statute of limitations, section 17, chapter 83, Revised Statutes, Illinois, 1941, nevertheless the statute of limitations controlling the allowance of the claim is that of the state in which the bankruptcy proceedings are pending. In re Povill, 2 Cir., 105 F.2d 157; In re German-American Improvement Co., 2 Cir., 3 F.2d 572; Biggs, Com'r, v. Mays, 8 Cir., 125 F.2d 693. The limitation on the time of judicial enforcement of claims is procedural and is governed by the law of the forum, McElmoyle v. Cohen, 38 U.S. 312, 13 Pet. 312, 10 L.Ed. 177.

■■ In California where a citizen of another state creates an obligation in writing in the state of his domicile and later removes his residence to California, the four-year statute of limitations, Code Civ.Proc. § 337, begins to run in his favor upon his removal to California so as to finally bar recovery upon the obligation, although it may yet have been payable in the former state. McKee v. Dodd, 152 Cal. 637, 93 P. 854, 14 L.R.A.,N.S., 780, 125 Am.St.Rep. 82; Dougall v. Schulenberg, 101 Cal. 154, 35 P. 635; Sullivan v. Shannon, 25 Cal.App.2d 422, 77 P.2d 498; Chappell v. Thompson, 21 Cal.App. 136, 131 P. 82. The bankrupt having removed his residence to this state in 1934, the California four-year statute of limitations would bar consideration of the so-called Vollentine obligation as a provable and allowable claim within the meaning of section 63 of the Act if residence in the State of California for the whole applicable period is established by satisfactory evidence.

■ The fact that the notes evidencing the obligations contained "confession of judgment" provisions does not operate to estop the assertion of the defense of the statute of limitations. Such provisions would not authorize a "confessed judgment" and the creator of the obligation may still avail himself of the defense. Harper Co. v. DeWitt Mortgage & Realty Co., 10 Cal.2d 467, 75 P.2d 65; First National Bank v. Terry, 103 Cal.App. 501, 285 P. 336.

■ It appears from the record before us that the bankrupt does not deny that an interested creditor, such as R.F.C. in this matter, may oppose a claim by setting up the statute of limitations as a barrier to its effective allowance by the court in considering a plan of arrangement under Chapter XI of the Bankruptcy Act. Such is the necessary and established right of petitioner on review.

■■ Section 57, sub. d, of the Act, 11 U.S.C.A. § 93, sub. d, provides that claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court. Such claims and no others are to be allowed by the referee. Bankruptcy proceedings are largely a matter of administration by the referee, and the above section especially imposes upon the referee a duty to see that an estate or the fruits of an arrangement in bankruptcy is not distributed among those who fail to prove their legal right to share therein. A referee is more than an arbitrator in matters referred to him. He has the duty to examine the proofs filed and to determine their legal sufficiency. In re Owl Drug Co., 9 Cir., 84 F.2d 342; In re Goble Boat Co., D.C., 190 F. 92; In re Noble, D.C., 15 F. Supp. 648; and when a creditor in some form calls the attention of the court to a patently stale claim, the referee should sua sponte under the provisions of sections 2, sub. a (2) and 57, sub. k, 11 U.S.C.A. §§ 11, sub. a(2), 93, sub. k, examine it and determine its validity—and this the referee should do whether the trustee or the objecting creditor raises specific objections to the sufficiency of the proof filed or not.

■ Our examination of the voluminous record before us on this review shows that it is not sufficiently clear and certain to establish or disestablish as to whether the so-called Vollentine claim may properly be allowed and counted in determining whether adequate creditors have accepted the bankrupt's plan of arrangement.

Accordingly this matter is rereferred to the referee to proceed in accordance with the views herein expressed and to determine the ultimate validity and effectiveness of the so-called Vollentine claim. Exceptions allowed bankrupt, trustee and Reconstruction Finance Corporation.