No. 3621.—WILLIAM A. GLASS v. ALEXANDER WHEELISS.

In this action to recover on a judgment rendered in the city of New York, the defendant set up a reconventional demand, to which the plaintiff urged ·the plea of *res judicata*, the same defense having been pleaded before the New York court. The evidence offered, and the law of New York in reference to the judgment showed that the reconventional demand set up here was not before the court of New York, and was not passed upon in the rendition of the judgment. Held that if the reconventional demand set up here was not passed upon by the court in New York, it was not *res judicata* there, and could not be so here.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Wooldridge & Thomas*, for plaintiff and appellee. *Breaux & Fenner*, for defendant and appellant.

HOWELL, J. This suit is brought on a judgment obtained by plaintiff against defendant in the city of New York for the sum of $4609 82, to be paid in silver coin, and $141 80 in legal currency. The answer contains a general denial and a reconventional demand for $1083 75, as compensation for services rendered and expenses paid and incurred in the custody, transportation and recovery of certain specie committed by plaintiff to defendant for safe keeping in Nashville, Tennessee, in February, 1862.

To this reconventional demand the plaintiff opposes the plea of *res judicata*, the same demand having been pleaded as a counter claim in the New York suit. Upon this question the lawyers who represented defendant in said suit testify that at the time thereof the said claim of defendant was not litigated before, submitted to, nor passed on by the court, or any evidence offered in support of or in opposition to the same; the plaintiff having taken an inquest as upon a default, no evidence of any kind being offered by the defendant; that by the Code of

Procedure of New York in such a case the counter claim is not regarded as before the court, and the judgment upon the merits of the plaintiff's demand is not *res judicata* as to the counter claim. If not *res judicata* there, it will not be here. The plea should not therefore prevail.

It is contended, however, on behalf of plaintiff, that the said judgment, construed with reference to the pleadings in said suit, has condemned the defendant as a broker for the amount due on an irregular deposit, and his status as a simple debtor is fixed by the judgment, and he will not be allowed to impeach it and set up a claim for compensation as depositary or mandatory. Admitting the legal proposition here implied or presented, it can not avail, as there is evidence without objection, showing that the coin was delivered in boxes to defendant to be protected from capture by the Federal forces, and that in the effort to do so, he removed it with his own effects to New Orleans, where eventually it was taken possession of by the general commanding, and that in its recovery as well as removal, expenses to the sum of $586 25 were incurred and actually paid by the defendant. To this sum he is entitled. But to the charge for personal services he is not entitled, no stipulation therefor being proven. R. C. C. 2960, 3022.

It is therefore ordered that so much of the judgment as rejects the reconventional demand of defendant be reversed, and that on said demand there be judgment in favor of defendant against plaintiff for $586 25 with interest thereon from judicial demand thereof, to be deducted from the sum of $4609 82 in favor of plaintiff, and that in other respects said judgment be affirmed. Costs of appeal to be paid by plaintiff.