[No. 9684. Department One. — April 26, 1887.]

GEORGE W. STEWART ET AL., RESPONDENTS, v. CHARLES SPAULDING ET AL. LOUIS GOTTS-HALL, ADMINISTRATOR, ETC., OF A. L. SHERMAN, APPELLANT.

PLEADING — ACTION ON JUDGMENT — PARTIES — AMENDMENT. — The action was originally brought by the plaintiffs, describing themselves as late partners, against the defendant Sherman alone, upon a judgment recovered against him and three others in Nevada. A demurrer to the complaint being sustained because of the non-joinder of the other judgment debtors, the plaintiffs filed an amended complaint, omitting the designation of themselves as late partners, and making all the judgment debtors parties. *Held*, that the amendment was proper.

ID. — JUDGMENT ON PARTNERSHIP CAUSE OF ACTION — EVIDENCE — VARIANCE. — The action in which the judgment was rendered was brought in Nevada, and the complaint therein described the plaintiffs as partners. Pending the action, the partnership was dissolved, and the judgment was rendered in favor of the plaintiffs individually. *Held*, that the judgment was valid, and that its admission in evidence in the present action was not a variance.

ID. — ACTION ON FOREIGN JUDGMENT — STATUTE OF LIMITATIONS. — Under section 361 of the Code of Civil Procedure, a citizen of California may maintain an action in this state on a judgment recovered in another state, of which he has held the cause of action from the time it accrued, although an action on the judgment in the state in which it was rendered is barred by the statute of limitations thereof.

ID. — INSOLVENCY OF PLAINTIFF — ASSIGNEE NEED NOT BE SUBSTITUTED. — Where one of the plaintiffs in an action is adjudged an insolvent during its pendency, his assignee need not be substituted in his place.

ID. — ACTION AGAINST PARTNERS — JUDGMENT AGAINST PARTY SERVED. — In an action against alleged partners, in which only one is served with summons or appears, a judgment rendered against all the defendants, with a direction that it may be enforced against the joint property of all, and against the separate property of the one served, is not void as to the latter.

ID. — FOREIGN JUDGMENT — INTEREST ON HOW COMPUTED. — Where a judgment rendered in a foreign state directs that a portion thereof bear interest at a specified rate, but is silent as to the rate of interest on the balance, in an action on the judgment in California, interest on the balance should be computed at the rate allowed by the law of the foreign state; but the allowance of a less rate of interest is not error of which the judgment debtor can complain.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The complaint in the action in Nevada described the defendants as copartners. The defendant Sherman alone was personally served with summons or appeared therein. By the law of Nevada, interest on judgments is allowed at the rate of ten per cent per annum. In the present action, the plaintiffs were allowed interest on the entire judgment at the rate of seven per cent. The further facts are stated in the opinion of the court.

*William R. Davis, William L. Hill,* and *Edward C. Robinson,* for Appellant.

*Clement, Osment & Clement,* and *T. M. Osment,* for Respondents.

TEMPLE, J.—Suit was brought by the plaintiffs, describing themselves as late partners, against A. L. Sherman alone, upon a judgment recovered in the state of Nevada against Sherman and three others.

This complaint was demurred to on various grounds, one of which was non-joinder of the other defendants in the Nevada judgment. The demurrer was sustained and the plaintiff amended, making all the judgment debtors parties, and omitting the designation of the plaintiffs as late partners. In other words, they sued simply as individuals, setting up, however, the same judgment as before. No other defendant was served. Sherman moved to have the amended complaint stricken from the files,

on the ground that it was not an amendment, but an entirely different cause of action. The court denied the motion, and we think correctly. In one sense it was a different cause of action, but plainly the same judgment was attempted to be set up in each complaint, and the same relief demanded upon the same facts, which were only stated in a different legal aspect.

The action is not barred by the statute of limitations. True, no action can be maintained upon the judgment in Nevada. But the plaintiffs have resided in this state ever since the rendition of that judgment, and as they have been citizens of this state and have held the cause of action from the time it accrued, they come within the exception of section 361, Code of Civil Procedure. The defendants had been out of the state except for two or three weeks in each year until the commencement of the action.

After the commencement of this suit, one of the plaintiffs went into insolvency, and an assignee was appointed. It is claimed that the assignee should have been substituted.

This objection is answered by section 385, Code of Civil Procedure. Section 318 of the insolvency law (Stats. 1880, p. 87) does not conflict with this provision.

The judgment roll in the Nevada judgment shows that the complaint in that action described the plaintiffs as partners. The findings and judgment are merely in favor of plaintiff individually. It is claimed that this was a partnership judgment, its character in that respect being determined by the pleadings; that the judgment pleaded in this case is an individual judgment, and therefore it was not admissible because of the variance.

It appears that during the pendency of the suit in Nevada the partnership was dissolved. This is probably why the individual judgment was entered. But whether that judgment was regular or not, it was not

void for that reason, and there is no variance. If there were a variance, however, in that respect, it is difficult to see how the defendant has suffered injury by it.

That judgment was against all the defendants, and directs that it may be enforced against the joint property of all the defendants, and against the separate property of Sherman. This judgment was not void as to Sherman. (*Tay, Brooks & Backus* v. *Hawley*, 39 Cal. 94.)

We do not think there was harmful error in the computation of interest on the judgment. The judgment directed that a portion of the amount recovered should bear interest at the rate of seven per cent. The judgment is silent as to whether the balance of the judgment shall bear interest. If the judgment had been entirely silent as to interest, still interest by law of Nevada would have accrued upon the whole amount. Here was a special provision in the judgment that a portion should bear a specified interest. The remainder would bear the interest under the statute. The interest, as actually computed, is less than the statute rate.

Judgment and order affirmed.

McFARLAND J., and PATERSON, J., concurred.