[No. 19465.   Department Two.—February 10, 1897.]

# JOHN V. SUMAN, APPELLANT, *v.* MELVILLE AR-CHIBALD ET AL., RESPONDENTS.

FORECLOSURE OF MORTGAGE—COUNTERCLAIM—JUDGMENT FOR DEFENDANT —APPEAL — SUBSTITUTION OF ASSIGNEE OF JUDGMENT.—Upon appeal from a judgment rendered in favor of a mortgagor upon a counterclaim in an action to foreclose the mortgage, a motion in the appellate court to substitute as defendant a corporation to whom the mortgagor had sold and assigned all his interest in the judgment will be denied, the mort-gagor being the only proper party defendant, in case of reversal of the judgment, against whom a judgment could be rendered upon the note and mortgage.

ID.—MOTION BY ASSIGNEE TO DISMISS APPEAL—FAILURE OF APPELLANT TO FILE POINTS—INSOLVENCY OF RESPONDENT NO EXCUSE.—The as-signee of the judgment in favor of the mortgagor may move in his name, as respondent, to dismiss the appeal from the judgment, for fail-ure of appellant to file his points and authorities within the time limited by the rule; and it is no sufficient answer to such motion to show that the respondent had filed a petition in insolvency, and that no assignee had been appointed, that fact being no excuse for failure of appellant to file his points and authorities in time.

MOTION in the Supreme Court to substitute a defend-ant and to dismiss an appeal from an order of the Superior Court of San Bernardino County denying a new trial.   GEORGE E. OTIS, Judge.

The facts are stated in the opinion of the court.

*Paris & Allison,* for Appellant.

*Curtis, Oster & Curtis,* for Respondents.

McFARLAND, J.—There has been submitted in this case a motion on behalf of the Abstract and Title Com-pany, a corporation, for the substitution of said corpo-ration as defendant and respondent in the place of Melville Archibald; and also a motion by said corpora-tion and the defendant and respondent, Fannie Archi-bald, to dismiss the appeal herein upon the ground of a failure of appellant to file his points and authorities within the time prescribed by the rule of this court.

The motion to substitute said corporation as defend-

ant and respondent must be denied. The action was brought to foreclose a mortgage against the defendants, Melville and Fannie Archibald, executed to secure a promissory note given by said defendants to plaintiff for one thousand dollars. The Archibalds, defendants, set up a counterclaim; and after trial the court denied any judgment for plaintiff upon the note and mortgage, and rendered judgment in favor of Melville Archibald against the plaintiff for one hundred and fifty-five dollars and forty-four cents, with interest and costs, and also rendered judgment for both Melville and Fannie Archibald against plaintiff for their costs. It is quite apparent that if the judgment should be reversed, and the cause sent back for a new trial, the said corporation would not be a proper party defendant, and it would be entirely unjust to substitute said corporation for the said Melville Archibald, against whom, alone, a judgment could be rendered on the said note and mortgage. Therefore, the said corporation should not be substituted as such defendant.

But it appears that the said Melville Archibald sold and assigned all his interest in said judgment to the said corporation; and we think that the motion to dismiss the appeal may be considered as a motion made by the respondent, Fannie Archibald, and the said corporation as the successor in interest of the said Melville Archibald. And, as the transcript was filed in March, 1894, and no points and authorities have been filed, the motion to dismiss, under the rule, should be granted. There is an affidavit on file on behalf of the appellant, that on the eighth day of December, 1894, the said Melville Archibald filed a petition in insolvency, and was adjudged insolvent, and that no assignee in insolvency has been appointed; but this fact did not excuse the appellant for not filing his points and authorities in time. (*Stewart* v. *Spaulding*, 72 Cal. 264; *Merritt* v. *Glidden*, 39 Cal. 564; 2 Am. Rep. 479; *O'Neil* v. *Dougherty*, 46 Cal. 576; *Hestres* v. *Brennan*, 37 Cal. 388.)

The motion for substitution is denied, and the mo-

tion to dismiss the appeal is granted; and the appeal is dismissed.

HENSHAW, J., and TEMPLE, J., concurred.