[Civ. No. 1230. Second Appellate District.—February 10, 1913.]

A. B. CHAPPELL, Respondent v. J. D. THOMPSON, Appellant.

STATUTE OF LIMITATIONS—ACTION ON FOREIGN JUDGMENT—JUDGMENT DEBTOR COMING TO THIS STATE.—Under section 351 of the Code of Civil Procedure, the statute of limitations of this state, embodied in subdivision 1 of section 336 of that code, does not commence to run against the right to maintain an action in this state on a judgment of a sister state rendered against a nonresident of this state, until the judgment debtor comes into this state, and if, subsequent to his coming, he left the state, the statute did not run during the period of his absence.

ID.—ABSENCE OF DEFENDANT FROM JURISDICTION OF FORUM.—The statute of limitations of the forum does not begin to run until the defendant comes within the jurisdiction in which suit is brought, and the

time elapsing between the accrual of the right of action in the foreign state and the acquiring of domestic residence forms no part of the statutory period of the forum.

APPEAL from a judgment of the Superior Court of Los Angeles County. F. E. Densmore, Judge presiding.

The facts are stated in the opinion of the court.

Miller & Miller, for Appellant.

Daniel M. Hunsaker, and Lacey & Hunsaker, for Respondent.

SHAW, J.—Plaintiff sued upon a judgment rendered in his favor on June 30, 1905, by the district court of Black Hawk County, state of Iowa. As a defense to recovery thereon, defendant pleaded subdivision 1 of section 336 of the Code of Civil Procedure. The court gave judgment for plaintiff, from which defendant appeals upon the judgment-roll.

The statute pleaded prescribes a period of five years within which an action upon a judgment of a sister state may be brought. The complaint herein was filed October 19, 1911, being 6 years, 3 months and 19 days after the rendition of the judgment sued upon. Section 351 of the Code of Civil Procedure, however, provides that: "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action." An action upon the judgment was not barred by the laws of Iowa which, as found by the court, prescribe a period of fifteen years within which to sue thereon; and the court found that since the rendition of the judgment defendant had not been a resident of or within the state of California for a period exceeding two and one-half years. This latter finding, we think, brings the case directly within the exception contained in section 351 above quoted. The statute did not commence to run in favor of defendant until he came to this state, where he was subject to the process of its

courts, and if subsequent to coming he left the state, the statute did not run during the period of his absence. We regard *Dougall* v. *Schulenberg,* 101 Cal. 154, [35 Pac. 635], and *McKee* v. *Dodd,* 152 Cal. 637, [125 Am. St. Rep. 82, 14 L. R. A. (N. S.) 780, 93 Pac. 854], as decisive of the point raised. These cases differ from the one at bar in that they were appeals in actions involving promissory notes executed and payable out of the state by nonresident payors who subsequently removed to the state. The rule, however, applies with equal force to actions upon judgments. (*Kennard* v. *Alston,* 62 Miss. 763; *Nicholas* v. *Farwell,* 24 Neb. 180, [38 N. W. 820].) Omitting all reference to the provision contained in section 351, "the weight of authority is that the statute of the forum does not begin to run until the defendant comes within the jurisdiction in which suit is brought, and that the time elapsing between the accrual of the right of action in the foreign state and the acquiring of domestic residence forms no part of the statutory period of the forum." (Annotator's note to *Rutledge* v. *United States Savings & Loan Co.,* 5 Am. & Eng. Ann. Cas. 542.)

The judgment is affirmed.

Allen, P. J., and James, J. concurred.