## CAPLES v. CAPLES. *
### No. 6033.

Circuit Court of Appeals, Fifth Circuit.
March 2, 1931.

Rehearing Denied April 4, 1931.

*Rehearing denied April 4, 1931.

226

Fred C. Knollenberg and E. F. Cameron, both of El Paso, Tex., for appellant.

R. A. D. Morton, of El Paso, Tex. (Alfred R. Lowey, of Lubbock, Tex., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

Appellee brought suit in the District Court to recover accrued installments of alimony aggregating $17,850, awarded her by a California court. The jury was waived, a motion for judgment was granted, and judgment was entered in the sum of $22,000.12, which included installments accruing after the suit in the District Court, with interest thereon. Various errors are assigned, but they may be considered together in disposing of the contentions of appellant.

No question is raised as to the jurisdiction of a California court over appellant, but it is contended (1) that the judgment sought to be enforced is not a final judgment, as it was subject to amendment at any time on order of the court rendering it, and (2) that the judgment, if final, is dormant, not having been revived by the court that rendered it, and execution is barred by the lapse of five years, under the statute of limitations of the state of California, which must be given effect in Texas.

There is no dispute as to the material facts. Appellant brought an action for divorce against his wife, appellee, in a California court. On cross-action by her she was awarded an interlocutory decree of divorce on February 2, 1921, and this was made final on February 6, 1922. By the decree she was awarded alimony at the rate of $150 per month for the support of herself and minor son, then about two years of age, until his majority. She was given the custody of her son, and the alimony was payable direct to her. Shortly after the decree, certainly within five years, appellant left the state of California and has not since returned. Execution issued on the judgment in California, on September 15, 1923. Thereafter on May 2, 1930, a motion for execution was filed in the California court, and that court ordered execution issued the same day in the amount of $22,000.12, the same amount as the judgment herein. The decree has never been amended.

██ Under the law of California, section 139, Civil Code of California, the court awarding alimony to the wife may from time to time modify its orders in that respect. We are not referred to any decision of the Supreme Court of California holding that the court may modify its decree as to alimony that has accrued. The following California decisions support the conclusion that it cannot do so. Cummings v. Cummings, 97 Cal. App. 144, 275 P. 245; Soule v. Soule, 4 Cal. App. 97, 87 P. 205; Rinkenberger v. Rinkenberger, 99 Cal. App. 45, 277 P. 1096. This conforms with our own interpretation of the statute, and therefore we hold that the judgment sued on was final and entitled to full faith and credit. Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061.

██ There is no doubt that under the law of California the statute of limitations was tolled during the absence of appellant. Sections 351, 681, and 685 of the Code of Civil Procedure of California; section 5530, Revised Civil Statutes of Texas; Chappell v. Thompson, 21 Cal. App. 136, 131 P. 82; Stewart v. Spaulding, 72 Cal. 264, 13 P. 661.

Other contentions of appellant are entirely without merit and require no discussion.

The record presents no reversible error. Affirmed.