*859
 
 HIGGINS, Justice. ’
 

 The plaintiff, alleging that he is a judgment creditor of the defendant, instituted this action, praying for the recognition and enforcement, under the “Full Faith and Credit Clause” (Art. IV, Sec. I) of the United States Constitution, U.S.C.A. and ■the Act of Congress passed pursuant to'its provisions (28 U.S.C.A. § 687), on May 26, 1790, of a final judgment of the Superior Court of the State of California, County of Los Angeles, for the sum of $10,472.75, with interest thereon at the rate of
 
 7%
 
 per annum from October 7, 1929, until paid.
 

 The defendant filed exceptions of no right and no cause of action and a plea of prescription of five years, which were overruled by the trial judge. With reservation of his rights under these pleas, defendant answered, averring that he was not indebted to the plaintiff and had valid defenses to his claims, and that the California judgment had been obtained by fraud extrinsic of the merits of the case, the plaintiff in that action having promised the defendant to dismiss the suit, and subsequently, after the defendant left the State, the plaintiff had the judgment entered against him by default.
 

 The district judge held that the respondent failed to prove the alleged fraud by a preponderance of the evidence and rendered judgment in favor of the plaintiff and against the defendant, as prayed for. The defendant appealed and, in this Court, reiterates all of the defenses invoked in the court below.
 

 The exceptions and the plea of prescription are treated jointly by counsel for both parties in their briefs and we shall deal with them in the same manner. These defenses are based upon the provisions of Sections 681 and 685 of the California Code of Civil Procedure and of Article 3547 of the Revised Civil Code of Louisiana, as amended by Act No. 278 of 1936.
 

 Article 3547 of the Revised Civil Code of Louisiana, as amended, reads:
 

 “All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments, except that no judgment for money rendered without the State shall be enforcible in this State if it is prescribed or unenforcible under the laws of the State wherein it was rendered. Provided, however, that any party interested in any judgment rendered within or without the State and not prescribed in the State wherein rendered, may have the same revived at any time before it is prescribed, by having a citation issued according to law to the -defendant or his representative, from the Court of defendant’s domicile, unless defendant or his representatives show good cause why the judgment should'not be -revived, and if such defendant be absent and not represented, the Court may appoint a curator ad hoc to represent him in the proceedings, upon which said curator ad hoc the citation shall be served.
 

 “Any judgment revived, as above provided, shall continue in full force for ten years from the date of the order of Court
 
 *861
 
 reviving the same, and any judgment may be revived as often as the party or parties interested may desire. [As amended, Acts 1936, No. 278, Art. 1.]”
 

 Sections 681 and 685 of the Code of Civil Procedure of California provide:
 

 “§ 681. Within what time execution may issue. The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement.
 

 “[Time during which stayed excluded in computing time.] If, after the entry of the -judgment, the issuing of execution thereon is stayed or enjoined by any judgment or order of court, or by operation of law, the time during which it is so stayed or enjoined must be excluded from the computation of the five years within -which execution may issue.”
 

 “§ 685. In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion.
 

 “Judgment in all cases may also be enforced or carried into execution after the lapse of five years from the date of its entry, by judgment for that purpose founded upon supplemental proceedings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act.” (As amended, St. Cal. 1933, p. 2499.)
 

 Defendant argues that, as the judgment by default was entered in California on October 9, 1929, and the present proceeding was instituted on October 18, 1935, it is obvious that more than five years have elapsed since the judgment was obtained and, therefore, it was not enforceable under the California law until the supplemental proceedings required by Section 685, above quoted, were complied with and an order or judgment entered granting the judgment creditor the right to enforce the judgment against his debtor.
 

 The plaintiff concedes, and the record shows, that these supplemental proceedings were never brought in California and contends that the provisions of Sections 681 and 685 are not applicable in the instant case, because it is admitted that the defendant left the State of California in August of the year 1929 and remained in the State of Texas until about 1932, when he moved to Louisiana, where he established his residence and domicile, in 1934, and, therefore, under the express provisions of Section 351 of the.California Code of Civil Procedure, prescription was suspended and, consequently, his judgment was enforceable under the laws of Cali
 
 *863
 
 fornia, without the necessity of any supplemental proceedings, under Section 685.
 

 Section 351 of the California Code of Civil Procedure states:
 

 “Exception, where defendant is out of the state. If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.”
 

 In the case of Caples v. Caples, 47 F.2d 225, 226, the identical issue was presented to the United States Circuit Court of Appeals for the Fifth Circuit and it was decided that the five year prescription set forth in Section 685 of the California Code of Civil Procedure does not run while the judgment debtor is an absentee. The court, through Judge Foster, said:
 

 “■No question is raised as to the jurisdiction of a California court over appellant, but it is contended (1) that the judgment sought to be enforced is not a final judgment, as it was subject to amendment at any time on order of the court rendering it, and (2)
 
 that the judgment, if final, is dormant, not having been revived by the court that rendered it, and execution is barred by the lapse of five years, under the statute of limitations of the state of California, which must be given effect in Texas.
 

 “There is no dispute as to the material facts. Appellant brought an action for divorce against his wife, appellee, in a California court. On cross-action by her she was awarded an interlocutory decree of divorce on February 2, 1921, and this was made final on February 6, 1922. By the decree she was awarded alimony at the rate of $150 per month for the support of herself and minor son, then about two years of age, until his majority. She was given the custody of her son, and the alimony was payable direct to her.
 
 Shortly after, the decree, certainly within five years, appellant left the State of California and has not since returned.
 
 Execution issued on the judgment in California, on September 15, 1923. Thereafter on May 2, 1930, a motion for execution was filed in the California court, and that court ordered execution issued the same day in the amount of $22,000.12, the same amount as the judgment herein. The decree has never been amended. [1, 2.] Under the law of California, section 139, Civil Code of California, the court awarding alimony to the wife may from time to time modify its orders in that respect. We are not referred to any decision of the Supreme Court of California holding that the court may modify its decree as to alimony that has accrued. The following ■ California decisions support the conclusion that it cannot do so. Cummings v. Cummings, 97 Cal.App. 144, 275 P. 245; Soule v. Soule, 4 Cal.App. 97, 87 P. 205; Rinkenberger v. Rinkenberger, 99 Cal.App. 45, 277 P. 1096. This conforms with our own interpretation of the statute; and therefore we hold that the judgment sued on was final and entitled to full faith and credit. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682;
 
 *865
 
 54 L.Ed. 905, 28 L.R.A.(N.S.) 1068, 20 Ann.Cas. 1061.
 

 “There is no doubt that under the law of California the statute of limitations was tolled during the absence of appellant.
 
 Sections 351, 681, and 685 of the Code of Civil Procedure of California; section 5530, Revised Civil Statutes of Texas; Chappell v. Thompson, 21 Cal.App. 136, 131 P. 82; Stewart v. Spaulding, 72 Cal. 264, 13 P. 661.” (Italics ours.)
 

 The United States Supreme, Court declined to issue a writ of certiorari on October 12, 1931, to review this judgment. 284 U.S. 630, 52 S.Ct. 13, 76 L.Ed. 537. If the judgment or the cause of action based on the judgment is not barred by the five years Statute of Limitations of California, because of defendant’s absence from the State, it is difficult to understand how the execution or enforcement of the judgment, a mere incident thereto, is barred by the limitation or prescription of five years.
 

 Section 685 of the California Code of Civil Procedure has been held to be a limitation upon Section 336 of that Code, which deals with the periods of limitations prescribed for the commencement of actions, and provides:
 

 “Within five years:
 

 “* * * An action upon a judgment or decree of any court of the United States or of any state within the United States.”
 

 Murphy v. Davids, 55 Cal.App. 416, 423, 203 P. 802; Palace Hotel Co. v. Arthur P. Crist, 6 Cal.App.2d 690, at page 692, 45 P.2d 415. Likewise Section 351 by its very terms is restrictive of the provisions of Section 336.
 

 In the cases of Chappell v. Thompson, 21 Cal.App. 136, 131 P. 82 and Stewart v. Spaulding, 72 Cal. 264, 13 P. 661. Vol. 16, Cal.Jurisprudence, p. 555, the Court held that Section 351 of the California Code of Civil Procedure applied to actions predicated on judgments in the State of California.
 

 The courts of California have recognized that Section 685 of the Code of Civil Procedure of that State is in aid of the enforcement of a judgment in that State after the judgment has become barred by the Statute of Limitations and merely ¡ provides one of the modes of enforcing judgments. Murphy v. Davids, supra; Saunders v. Simms, 183 Cal. 167, 190 P. 806; Doehla v. Phillips, 151 Cal. 488, 493, 91 P. 330. See, also, Atkinson v. Adkins, 92 Cal.App. 424, 268 P. 461 and Tolle v. Doak & Page, 12 Cal.App.2d 195, 55 P.2d 542.
 

 The final provision of Section 687 (28 U.S.C.A.) the “Full Faith and Credit Act” of Congress of May 26, 1790, declares:
 

 “* * * And the said records and ju-. dicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken.”
 

 In the case of Roche v. McDonald, 275 U.S. 449, 48 S.Ct. 142, on page 143, 72 L.Ed. 365, 53 A.L.R. 1141, the Supreme Court of the United States, in interpret
 
 *867
 
 ing Article IV, Section I of the United States Constitution, U.S.C.A., stated:
 

 “It is settled by repeated decisions of this Court that the full faith and credit clause of the Constitution requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit,
 
 shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State.
 
 (Italics ours.)
 

 The learned counsel for the defendant freely concede that the California judgment is still a basis of a cause of action in favor of the plaintiff and against the defendant in California. In the light of this admission and both of the foregoing quotations, it is clear that, since the plaintiff could use the California judgment as a foundation for a cause of action against the defendant in California— that the judgment is likewise a legal basis of a cause of action in the State of Louisiana, for under Article IV, Section I, of the Federal Constitution, this judgment must be given the same credit, validity and effect in every State of the Union as it has in the State of California. The present litigation before this Court is a suit based upon the California judgment and is the same type of action that could be brought on this judgment in the State of California at this time. Rowe v. Blake, 99 Cal. 167, 171, 33 P. 864, 37 Am.St.Rep. 45.
 

 It is our opinion that the California Statute of Limitations pertaining to judgments in the State of California is interrupted by a judgment debtor’s absence from that State and, because of that fact, Section 685 of the California Code of Civil Procedure does not apply and, as the plaintiff has a cause of action upon, the California judgment in that State, he likewise has a similar cause of action in the State of Louisiana, under the “Full Faith and Credit Clause” of the United States Constitution and the Act of Congress.
 

 The nature of the fraud, which will constitute a defense against a final judgment of a court of another State, was declared by the Supreme Court of the United States, in the case of United States v. Throckmorton, 98 U.S. 61, 65, 25 L.Ed. 93, to be as follows:
 

 “Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practised on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client’s interest to' the other side,—■ these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judg
 
 *869
 
 ment or decree, and open the case for a new and fair hearing.”
 

 See also Barlow v. Fife, 172 La. 176, 133 So. 436, and Section 440 of the Restatement of the Law on the subject of “Conflict of Laws.”
 

 In the case of Garnier et al. v. Aetna Ins. Co., etc., 181 La. 426, 159 So. 705, 707, we said:
 

 “Fraud is never imputed except on legal and convincing evidence produced by the one alleging it. Strauss v. Insurance Company, 157 La. 661, 102 So. 861. The defendant therefore carried the burden of proving, not only that plaintiff made misrepresentations, but also that they were knowingly made with fraudulent intent.”
 

 See also Belcher v. Booth et al., 164 La. 514, 114 So. 116.
 

 In order to meet the burden of proof required of him by law, the defendant introduced the testimony of Gus Catsulis, a friend and business associate, H. E. Denny, a California attorney, who represented the defendant in that State in his litigation with the plaintiff, Dr. Richardson, and his own evidence, to the effect that the defendant was served the citation on July 26, 1929, and several days thereafter, he met the plaintiff on the streets, at Long Beach, California, and after the customary salutations, plaintiff stated that he was sorry he had sued the defendant and admitted there was no merit in his claims and said he would dismiss the suit at once and defendant need not employ counsel, as he (the plaintiff) would attend to the dismissal of the proceedings; that the defendant went to the office of his attorney, Mr. Denny, who telephoned the plaintiff and he confirmed to Mr. Denny the conversation he had with the defendant.
 

 The defendant sought to corroborate this evidence by the testimony of Thomas A. Fagan, a business associate, who stated that the defendant went to Texas, in June, 1929, but returned to Los Angeles two or three days before Christmas of 1929 and after the holidays went back to Texas.
 

 The plaintiff denied that he had ever remarked to the defendant and Catsulis at Long Beach, California, that his claims were without merit and that he would dismiss his suit, but, on the contrary, says that the defendant said that the action was unnecessary, as he intended to pay the indebtedness as soon as he was able.
 

 Mrs. Nellie Alford Rose, a sister of the plaintiff, testified that subsequent to the rendition of the judgment, and during December 1929, the defendant visited the plaintiff and promised to pay the debt as soon as possible.
 

 Messrs. J. C. Harris and Walker R. Flint, of the law firm of Harris and Flint, which represented the plaintiff in obtaining the judgment in California, testified that at no time did the defendant or his attorney ever inform them that the plaintiff had said that the claims for money loaned and advanced were unjust and the action would be dismissed, but that Mr. Denny -requested additional time to file his answer to the suit, and after several extensions were granted, he finally admitted that, as to the first two causes of action set forth in the petition, i. e., money borrowed, there was no defense, and judgment was then entered on them and the third claim disl missed.. In support of their testimony, they
 
 *871
 
 exhibited the records showing the extensions granted and the personal card of Mr. Denny, which he left with Attorney Flint when he called to see him in behalf of the defendant. They further stated that, after the judgment was rendered in September 1930, they tried to execute it by having the proper papers served upon the defendant’s wife, who remained in California, and other parties, as garnishees, but the attempted execution was without effect, as it appeared that these parties did not have any assets belonging to .the defendant in the State of California.
 

 The record shows that the original suit was filed in California, on May 27, T929, and citation was served on the defendant in person on July 26, 1929; that, in compliance with the requests of Attorney Denny, who represented the defendant, several extensions of time to answer were granted until September 26, 1929; that judgment by default was taken on September 26, 1929; and that the judgment was rendered on October 7, 1929 and entered on October 9, 1929.
 

 Plaintiff also introduced in evidence the following letter:
 

 “Mulholland & Denny,
 

 “Lawyers,
 

 “720 Pacific Southwest Building,
 

 “Long Beach, California.
 

 “August 16th, 1929.
 

 “Mr. Walker Flint,
 

 “Attorney at Law,
 

 “1030 Citizens National Bank Bldg.,
 

 “Los Angeles, California.
 

 “In Re: Dr. Richardson vs. Helis. “Dear Mr. Flint:
 

 “I have recently talked with Dr. Richardson over the telephone, and he advised me that there is a strong possibility of settlement of the above matter, and told me to get in touch with Mr. Harris. I have tried for four days to get Mr. Harris by telephone, but have not succeeded. I understand that the time for answering, which you so courteously extended, expires today.
 

 “In view of the contemplated settlement, I am asking you to extend the time for another week or until Friday, August 23d. We do not wish to be defaulted in this matter, and I am sure if you will be so kind as to grant this further extension, the matter will be disposed of. As a further reason for the extension, I am leaving my office tomorrow to attend the American Legion Convention at San Diego, and will not be back in the office until Thursday.
 

 “Please be assured of my appreciation of your courtesy.
 

 “Very truly yours,
 

 “HED-EP. (Signed) H. E. Denny.”
 

 The testimony of the attorneys for the plaintiff in California shows that the requested extension to- plead were granted until September 25, 1929, at which time the defendant’s counsel stated that they had no defense to the first two causes of action aijd, as their client was financially distressed, the plaintiff could proceed to take judgment on them, the third one being waived and dismissed.
 

 As pointed out by our learned brother below, it appears to us that the above letter destroys any idea of a proposed voluntary gratuitous dismissal of the plaintiff’s suit against the defendant, and, on the contrary, clearly shows that- the attorney
 
 *873
 
 for the defendant was hopeful of obtaining a settlement of the claims upon which the suit was predicated.
 

 The able and industrious counsel for the defendant in this litigation have strenuously argued that, if defendant were afforded an opportunity to defend the merits of the suit instituted in California, they would be able to show that the plaintiff and 'the defendant speculated in an oil venture, which proved to be unsuccessful and, therefore, the plaintiff, like the defendant, should bear his part of the loss and not be permitted to treat the transaction as if he advanced or loaned money to the defendant, so as to make him personally liable. Whatever merit there might be in this contention, it is sufficient to say that, under the law, the defendant cannot go back into those matters until he first shows that the judgment was obtained by fraud extrinsic of the merits of the controversy. This he has failed to do with that certainty required by law, for it appears that the evidence introduced, by the defendant is outweighed by the proof offered by the plaintiff. The defendant had the right to defend the merits of the case in California and, having failed to avail himself of this opportunity, after being personally served with citation, he is now barred from attempting to do so, as the California final judgment is entitled to the same full faith, effect and credit in Louisiana, under the Article of the Constitution of the United States and the Act of Congress as it would have in California.
 

 For the reasons assigned, the judgment is affirmed at appellant’s costs.
 

 O’NIELL, C. J., does not take part.