In the application for rehearing herein, counsel for plaintiff quotes what he states to be a principle of law announced by the Supreme Court in the case of Richardson v. Helis, 192 La. 856,189 So. 454.
The quotation follows: "If a judgment is the basis of a cause of action in California which has a longer prescription than Louisiana, an action brought on that judgment in Louisiana against a creditor in California has the same results as if the action was brought in California, for the judgment must be given the same credit validity and effect in every State of the Union as it has in the State of California."
If the Supreme Court had announced such a principle of law we would be inclined to grant a rehearing and reconsider the case because it would tend to support the contention made on behalf of the plaintiff that the judgment rendered in his favor in the State of Texas should be given full faith and credit by the courts of this State under Article IV, Section 1 of the Federal Constitution.
We have carefully read the case of Richardson v. Helis again, and find no such principle of law therein announced, nor do we find the language quoted by counsel in the application for rehearing. A part of the quotation is found in the following portion of the opinion [192 La. 856, 189 So. 457]:
"The learned counsel for the defendant freely concede that the California judgment is still a basis of a cause of action in favor of the plaintiff and against the defendant in California. In the light of this admission and both of the foregoing quotations, it is clear that, since the plaintiff could use the California judgment as a foundation for a cause of action against the defendant in California — that the judgment is likewise a legal basis of a cause of action in the State of Louisiana, for under Article V, Section I, of the Federal Constitution, this judgment must be given the same credit, validity and effect in every State of the Union as it has in the State of California."
A comparison of that language with the language quoted in the application for rehearing clearly shows that no such principle of law as stated by counsel was announced by the Supreme Court. A rereading of the Richardson case, as we interpret it, only serves to strengthen our conviction in the correctness of our opinion heretofore handed down, and for these reasons a rehearing is refused. *Page 182