ELLIS, Judge:
Plaintiff, Stephens Photo, Inc., obtained a judgment in North Carolina for $17,387.62 against defendants Southern Portraits, Inc., David H. Walker and Mrs. David H. Walker. This is a suit to domesticate that judgment in Louisiana. After peremptory exceptions, alleging the lack of jurisdiction of *1101 the North Carolina court, were overruled, defendants filed an answer which alleged jurisdictional defects in the North Carolina proceeding; and a reconventional demand, alleging that the work done by plaintiff for defendants was improperly performed.
To the answer, plaintiff filed a motion to strike, alleging that the suit to domesticate the judgment is not an ordinary, summary or executory proceeding and is therefore not “amenable” to answers or reconventional demands. Plaintiff also filed an exception of no cause of action to the reconven-tional demand, on the ground that it could not be raised as a defense under Article 2541 of the Code of Civil Procedure.
After a hearing, the judgment was rendered striking the answer and dismissing the reconventional demand. From that judgment, defendants have appealed. In the motion for appeal, defendants recognize that the judgment is interlocutory, but allege that they will be irreparably harmed thereby.
Defendants are clearly entitled to appeal, since the effect of the trial court’s rulings is to prevent them from offering any defense. Under Article 2541, the action to domesticate a foreign judgment is an ordinary proceeding, and therefore subject to the same rules for pleading and trial as are other ordinary proceedings.
Defendants’ answer raises a question of extrinsic fraud, by alleging that they were advised by plaintiff that all proceedings in North Carolina would be stayed pending adjustments in the account. This type of fraud is a defense to an action to domesticate a foreign judgment, and defendants are entitled to a trial on that issue. Lee v. Carroll, 146 So.2d 242 (La.App. 3rd Cir.1962). If, on the trial of the case, defendants are able to prove that the judgment was obtained through extrinsic fraud, then they should be permitted to offer the other defenses pleaded. Richardson v. Helis, 192 La. 856, 189 So. 454 (1939).
With respect to the reconventional demand, we find no legal bar to the filing thereof. The main demand is an ordinary proceeding, and a defendant in such a proceeding is entitled to reconvene, provided the matters therein alleged were not litigated in the North Carolina proceeding. Articles 1061, 2541, Code of Civil Procedure; Glass v. Wheeliss, 24 La.Ann. 397 (1872). If the North Carolina judgment was obtained through extrinsic fraud, then the reconven-tional demand is allowable under any circumstances.
The judgment appealed from is therefore reversed and the case remanded to the trial court for trial on the merits. All costs of this appeal shall be paid by plaintiff. All other costs shall await final disposition hereof on its merits.
REVERSED AND REMANDED.